■ Moses Asch, Respondent, v. City of New York, Appellant, et al., Defendant.— Order, entered, in this personal injury action, on October 4, 1968, granting leave to add plaintiff's wife as a party plaintiff herein and to serve an amended complaint asserting a cause of action for loss of consortium, unanimously reversed, on the law, without costs and without disbursements, and the motion denied. The accident giving rise to this action occurred on October 21, 1966. It was not until August 20, 1968 that the present motion was made. Accordingly, the wife's cause of action for loss of consortium is time barred against the city by virtue of section 50-i of the General Municipal Law which requires that an action against the city "shall be commenced within one year and ninety days after the happening of the event upon which the claim is based". Such a claim may not now be asserted in this action by virtue of *Millington* v. *Southeastern Elevator Co.* (22 N Y 2d 498, 507–508) wherein it was specifically stated that: — "Where there is a cause of action * * * pending, the wife's consortium action, *if not time-barred*, should be joined with her husband's claim". (Emphasis added.) Concur — Capozzoli, J. P., McGivern, Nunez, McNally and Tilzer, JJ.

■ In the Matter of Keith W., a Person Alleged to be a Juvenile Delinquent, Appellant.— Order of the Family Court entered February 16, 1970, unanimously reversed on the law and the facts, without costs and without disbursements, and delinquency proceeding dismissed. We find that the evidence adduced at the hearing did not form a basis for a finding of delinquency. The Corporation Counsel concurs in this appraisal of the testimony. Concur — Capozzoli, J. P., Markewich, Steuer and Tilzer, JJ.