■ NEGGY TRAVEL SERVICE, INC., Respondent, v SABENA BELGIAN WORLD AIRLINES, Appellant.—Order of the Supreme Court, New York County, entered in the office of the clerk on April 12, 1976, granting plaintiff's motion for leave to serve an amended summons and complaint, to the extent of joining in the action Said Vafa doing business as Neggy Travel Bureau (hereinafter Neggy Travel Service) as an added party plaintiff, and denying defendant's cross motion for summary judgment dismissing the complaint for failure to state a cause of action, unanimously reversed, on the law, without costs and without disbursements. Accordingly, plaintiff's motion is denied and defendant's cross motion is granted. Although the motion was couched in terms of CPLR 305 and 3025, the court below reached its determination solely under CPLR 1018. Plaintiff had denominated the motion as an application for leave to amend the summons, complaint, and caption of the action. In effect, however, the motion sought to add a new party plaintiff. As such, it was not tenable under CPLR 305 and 3025, because a substantial right of defendant would be prejudiced (CPLR 305, subd [c]), in that the Statute of Limitations had already barred the claim of Said Vafa, doing business as Neggy Travel Service, for the alleged libel (CPLR 215, subd 3; *Asch v City of New York*, 34 AD2d 778). Nor does CPLR 1018 sanction the relief granted by Special Term inasmuch as plaintiff's status as successor in interest occurred *before* the commencement of the action. In addition, plaintiff sought to substitute in its place or join as an added party plaintiff Said Vafa doing business as Neggy Travel Service, plaintiff's predecessor, *from* whom the interest was transferred to plaintiff. Said Vafa, an individual doing business as Neggy Travel Service, and plaintiff Neggy Travel Service, Inc., are not one and the same. They are not the same person in different guises. Despite similarity or even identity of names, they are separate entities, existing contemporaneously. The motion therefore is not one to correct a misnomer of a party plaintiff but rather to add a new party plaintiff (cf. 1 Weinstein-Korn-Miller, NY Civ Prac, par 305.16). Defendant never did business with plaintiff, Neggy Travel Service, Inc., nor is there any dispute about the fact that the alleged defamation was not directed against said plaintiff. Accordingly, plaintiff has stated no cause of action against defendant. Concur—Kupferman, J. P., Murphy, Lupiano, Birns and Nunez, JJ.