Perez v Garden Prop. Assoc., LLC (2021 NY Slip Op 06107)





Perez v Garden Prop. Assoc., LLC


2021 NY Slip Op 06107


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Renwick, J.P., Singh, Kennedy, Rodriguez, Pitt, JJ. 


Index No. 23391/17E Appeal No. 14598 Case No. 2020-04451 

[*1]Anthony Perez, Plaintiff-Appellant,
v
Garden Property Associates, LLC et al., Defendants-Respondents, DMARC 2007-CD5 Garden Street, LLC. et al., Defendants.


Law Office of Neil R. Finkston, Great Neck (Neil R. Finkston of counsel), for appellant.
Harris Beach PLLC, New York (Svetlana K. Ivy of counsel), for respondents.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about November 2, 2020, which, to the extent appealed from as limited by the briefs, granted defendants Garden Property Associates, LLC and Langsam Property Service Corp.'s motion to dismiss the complaint as against them pursuant to CPLR 3211(a)(3), and denied plaintiff's cross motion to amend the complaint, unanimously affirmed, without costs.
This action arises from alleged personal injuries sustained by the collapse of a ceiling in a bathroom of an apartment owned and managed by defendants. The complaint was correctly dismissed for lack of standing. It is undisputed that plaintiff Anthony Perez was not injured in defendants' apartment on the day in question and therefore cannot claim that he suffered an injury for which defendants are responsible. The purportedly injured person, Wilfredo Pabon, deliberately used his cousin's name, Anthony Perez, for many purposes, including this litigation.
Plaintiff's cross motion to amend the complaint to state his purported legal name (Wilfredo Pabon) was properly denied, since plaintiff's explanation that he had been using his cousin's name as an alias since 2003 failed to establish that it was merely a misnomer in the description of the party plaintiff that required amendment (see Neggy Travel Serv. v Sabena Belgian World Airlines, 56 AD2d 537 [1st Dept 1977]; Hall v Integrity Real Estate Props., Inc., 124 AD3d 1270, 1271-1272 [4th Dept 2015]). Although denominated a motion to amend the complaint to reflect plaintiff's legal name, plaintiff's motion sought in effect to substitute a new party plaintiff, since there is no dispute that plaintiff Anthony Perez exists and that his birthdate and social security number are different from those of Wilfredo Pabon.
Contrary to plaintiff's contention, defendants showed that they would be prejudiced by the amendment of the complaint to state plaintiff's purported legal name, having been provided with false information as to his identity, i.e., Anthony Perez's name and social security number (see Pastrana v City of New York, 262 AD2d 53, 54 [1st Dept 1999]). Plaintiff did not reveal his purportedly true identity until his deposition, and made no showing that defendants should have been aware from the outset that he was actually an individual named Wilfredo Pabon. Moreover, the
difficulties that would remain in ascertaining which records pertained to Perez and which to Pabon are manifest.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021