# Wernick, Appellant, *v.* Pittsburgh Underwriters Agency.

*Practice—Amendments—Substitution of new party—Statute of limitations—Act of April 16, 1846, P. L. 353—Fire insurance—Policy —Limitation of action on.*

In an action on a fire insurance policy it appeared that the action had been instituted by the Administrator of a decedent, under misapprehension as to whom the policy was issued. It also appeared that the policy had been issued to the widow of the deceased, who, after the expiration of the period fixed in the policy for the bringing of a suit, petitioned the court to amend the record, so that she might appear as plaintiff therein instead of the administrator. In such case the amendment was properly refused.

The Act of April 16, 1846, P. L. 353, does not allow amendments to be made when such amendment will introduce a new cause of action or bring in a new party.

If the effect of the amendment be to correct the name under which the right party instituted suit, it should be allowed. If its effect is to bring a new party in the record, it should be refused after the running of the Statute of Limitations.

A provision in a fire insurance policy limiting the time in which the action can be brought is valid.

Argued October 10, 1926. Appeal No. 106, October T., 1926, by plaintiff from order of M. C. Philadelphia County, October T., 1925, No. 1353, in the case of Abraham Wernick, Administrator of the Estate of Samuel Tessler, deceased, v. Pittsburgh Underwriters Agency. Before PORTER, P. J., HENDERSON, TREXLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Action of assumpsit on fire insurance policy. Before WALSH, J.

The action was instituted by the Administrator of Samuel Tessler, deceased. It later appeared that the policy had been issued to Rebecca Tessler, the widow of the deceased, and petition was presented asking leave of the court to amend the pleadings so that Rebecca Tessler might appear as plaintiff therein instead of the administrator.

The petition was dismissed.  Abraham Wernick, administrator, appealed.

*Error assigned* was the order. of the court.

*Abraham Wernick,* of *Evans & Wernick,* for appellant.—The amendment should have been allowed: Lehigh National Bank v. Seyfried, 238 Pa. 1; Holmes v. Pa. R. R. Co., 220 Pa. 189; Fitzgerald Est., 252 Pa. 568; Clement v. Commonwealth, 95 Pa. 107.

*Horace Michener Schell* for appellee.

OPINION BY TREXLER, J., March 3, 1927:
A policy of insurance was issued by the defendant to Rebecca Tessler, insuring against loss or damage by fire certain premises situated in Philadelphia.  A fire occurred on the premises on December 16, 1924.

It appears the policy had been mislaid and on October 30, 1925, under misapprehension of the fact as to whom the policy was issued, Abraham Wernick, administrator of the estate of Samuel Tessler, the deceased husband of Rebecca Tessler, brought suit. After some delay, he obtained a copy of the policy from the defendant and discovered that it had been issued to Rebecca Tessler.

On January 5, 1926, more than twelve months after the fire and beyond the period fixed in the policy for the bringing of suit, Rebecca Tessler presented her petition, asking leave of the court to amend the suit so that she might appear as plaintiff therein instead of Abraham Wernick, administrator of the estate of Samuel Tessler.  The court declined to grant the amendment and we think properly so.  There was also a request to amend the name of the defendant, but in view of our decision as to the impropriety

of the amendment sought as to plaintiff's name, we need not discuss this phase of the case.

The provision in the policy limiting the time in which an action can be brought is valid. Hocking v. Howard Insurance Co., 130 Pa. 170.

Under the Act of April 16, 1846, P. L. 353, Paragraph 2, "courts shall have power, in any stage of the proceedings, to permit amendments of the record, when it shall appear to them, by any sufficient evidence, that a mistake has been made in the christian name or surname of any party, plaintiff or defendant." It has been repeatedly held that this act does not allow amendments to be made when such amendment will introduce a new cause of action or bring in a new party. If the effect of the amendment be to correct the name under which the right party instituted suit, it should be allowed. If its effect is to bring a new party in the record, it should be refused after the running of the Statute of Limitations. This has been decided in many cases, among them: Girardi v. Laquin Lumber Co., 232 Pa. 1; Fitzgerald Estate, 252 Pa. 568; Scranton Private Hospital v. Caum, 61 Pa. Superior Ct. 93; LaBar v. New York, Susquehanna & Western R. R. Co., 218 Pa. 261; Mumma v. P. & R. Ry. Co., 275 Pa. 277; Markowitz v. Ararat Dye Wks., 73 Pa. Superior Ct. 129; McGinnis v. Valvoline Oil Works, 251 Pa. 407. Abraham Wernick, the administrator of Samuel Tessler, was not the same party as Rebecca Tessler. The substitution of Rebecca Tessler's name is the introduction of an entirely new party after the limitation provided by the policy has run. If she had brought the suit and a mistake had been made in her name or surname, it could have been corrected for she would then have been the actor in the matter and would have been in court and the alteration of the name would not have changed the cause of action or introduced a new party.

It would be merely giving a new designation to the party who really brought the action, but Abraham Wernick, the administrator, and Rebecca Tessler are two entirely distinct parties. The fact that Rebecca Tessler is the widow of Samuel Tessler does not affect the question.

The order of the lower court is affirmed.