## Grant-Albert Co. v. Ferrari

*Mahady & Mahady*, for plaintiff.
*Pollins & Pollins*, for defendant.

LAIRD, J., March 28, 1939. — On August 18, 1938, Grant-Albert Company caused a summons to be issued at the above number and term, in which Bruno Ferrari was named as defendant, and at the same time filed its statement of claim, in which it was alleged that defendant was indebted to plaintiff under an oral contract for work and labor done and performed by plaintiff on the repair of trucks and automobiles belonging to defendant, the last item of work having been performed on November 24, 1932; the balance of the account claimed to be due and owing by defendant to plaintiff amounting to $429.

These papers were duly served on defendant by the sheriff on August 24, 1938. On September 8, 1938, Bruno Ferrari, defendant named in the writ, filed an affidavit of defense, in which he denied generally the whole alleged transaction.

On December 15, 1938, plaintiff obtained permission of this court to file an amended or supplemental statement of claim, wherein it appears that the name of plaintiff is Moore Brothers, Inc., now for use of the Grant-Albert Company, and wherein it appears that the Grant-Albert Company acquired the account on which this suit is founded by sale, transfer, and assignment from Moore Brothers, Inc., who performed the repair work, etc., on which said account is based.

To this amended or supplemental statement of claim defendant filed an affidavit of defense in the nature of a demurrer, alleging that the right of action of plaintiff is barred by the statute of limitations, since the legal plaintiff, Moore Brothers, Inc., in whose right only recovery could be had, sued after the expiration of the statutory period of six years.

Defendant states the question thus: Can the use-plaintiff, who has sued in assumpsit within the six-year period of the statute of limitations, bring upon the record by amendment of his statement of claim the legal plaintiff after the expiration of the said statutory period?

The question before the court, therefore, is: Should the amendment be permitted to stand?

The bill or claim of plaintiff having been contracted or incurred on or before November 24, 1932, and the amended statement of claim not having been filed until December 15, 1938, defendant contends any claim under such statement is barred by the statute of limitations.

Plaintiff points to the Act of May 4, 1852, P. L. 574, 12 PS §533, which provides as follows:

"All actions pending or hereafter to be brought in the several courts of this Commonwealth, and in all cases of judgments entered by confession, the said courts shall have power, in any stage of the proceedings, to permit amendments by changing or adding the name or names of any party, plaintiff or defendant, whenever it shall appear to them that a mistake or omission has been made

in the name or names of any such party." Plaintiff relies on this act as authority for the amendment.

It has been stated by a text writer that the question is not free from doubt and presents some difficulty; that our Pennsylvania authorities seem to be in confusion, and that it is not easy to reconcile them.

However, in a very exhaustive opinion in the case of Grier et al., etc., v. Northern Assurance Co., 183 Pa. 334, Mr. Justice Green says, quoting from page 343, that:

"The doctrine that a new cause of action cannot be introduced, or new parties brought in, or a new subject-matter presented, or a fatal and material defect in the pleadings be corrected, after the statute of limitations has become a bar, is so familiar to the profession, and has been declared by this Court, and by the courts of last resort of many other states of the Union, so frequently, that an extended review of the authorities is quite unnecessary."

In 2 Standard Pennsylvania Practice p. 303 §8, it is said: "The right of action at law has been vested solely in the party having the strict legal title and interest, in exclusion of the mere equitable claim. An action at law must be brought in the name of the person who has the legal cause of action or in whom the legal interest is vested or by his personal representative." On page 304 of the same work, the following appears:

"In general, an action on a contract, whether express or implied, or whether by parol, under seal, or of record, must be brought in the name of the party in whom the legal interest in such contract is vested. In the case of an assignment of a legal cause of action, the action must be brought in the name of the assignor for the use of the assignee".

It, therefore, would appear that in the instant case the action was not properly brought in the name of the Grant-Albert Company, the original plaintiff; that the Grant-Albert Company, not having any privity of contract with defendant, could not maintain the action; that in order

to maintain the action against this defendant, it was necessary to substitute the legal plaintiff, Moore Brothers, Inc., and to bring the action in the name of Moore Brothers, Inc., now for use of the Grant-Albert Company; but at the time that Moore Brothers, Inc., was brought on the record the statute of limitations had expired and Moore Brothers, Inc., had no legal claim against Bruno Ferrari, defendant.

In the case of Wright v. Eureka Tempered Copper Co., 206 Pa. 274, 276, Mr. Justice Fell says:

"Statutes of amendment are liberally construed to give effect to their clearly defined intent to prevent a defeat of justice through a mere mistake as to parties or the form of action. Amendments however will not be allowed to the prejudice of the other party, where the statute of limitations has run, by introducing a new cause of action or bringing in a new party, or changing the capacity in which he is sued. . . . A party whose name it is asked to amend must be in court. If the effect of the amendment will be to correct the name under which the right party was sued, it should be allowed; if its effect will be to bring a new party on the record, it should be refused after the running of the statute of limitations."

At the time of the proposed amendment in the case at bar, the statute of limitations had run against the claim of Moore Brothers, Inc. In order to maintain any action against this defendant, it was necessary to bring the action in the name of Moore Brothers, Inc. Therefore, the addition of Moore Brothers, Inc., as a legal plaintiff had the effect of bringing a new party on the record and creating a new cause of action, which seems to be prohibited. See also the case of Goldberg v. Friedrich, 279 Pa. 572, where Mr. Justice Kephart announces several tests by which the right to amend may be determined.

These tests are repeated in the case of Frankel v. Donehoo et al., 306 Pa. 52, quoting from page 56, as follows:

"Would a judgment by default stand and would it bar any further action? Does the same measure of damage support both the amended statement and the original? Is the same defense open to each, and is the same measure of proof required? If the questions be answered in the affirmative, the amendment should be allowed, if not, it should be refused."

We fear that in the instant case the questions could not all be answered in the affirmative. We are of opinion, therefore, that the amendment should be refused.

In the case now before us for disposition, suit was not brought in the name of the legal plaintiff. Suit was instituted by an assignee or equitable owner in his own name, which was contrary to law and under which such action the use-plaintiff could not have recovered. After the running of the statute, an amendment to bring on the legal plaintiff was attempted to be made and this under the authorities, as we understand them, cannot be allowed: See Howes v. Scott, 224 Pa. 7, LaBar v. New York, Susquehanna & Western R. R. Co., 218 Pa. 261, Martin v. Pittsburgh Rys. Co., 227 Pa. 18, and Wernick v. Pittsburgh Underwriters Agency, 90 Pa. Superior Ct. 186.

We are of opinion, therefore, that the affidavit of defense in the nature of a demurrer should be sustained, the questions of law raised thereby should be resolved in favor of defendant, and that the amendment to the statement of claim should be disallowed.

And now, to wit, March 28, 1939, after argument and after due and careful consideration, it is ordered, adjudged, and decreed that the affidavit of defense in the nature of a demurrer be and the same hereby is sustained; that the questions of law raised thereby be and the same hereby are resolved in favor of defendant, and that the amendment to the statement of claim be and the same hereby is disallowed.