OPINION OF THE COURT
Eve Preminger, J.
Not knowing who you are often leads to serious repercussions. The instant case finds plaintiff Kingsbury Properties, Inc. suffering from just such an identity crisis. Defendants Gersalle Realty Corp. and Gertrude Cohen, attempting to utilize Kings-bury’s confusion, seek summary judgment against the claims and causes of action alleged by this plaintiff. Kingsbury cross-moves to amend its complaint.
The instant motion stems from a group of actions which were commenced against the defendant in its capacity as the owner of a building at 243 East 60 Street, Gertrude Cohen, an officer of the corporation, and the City of New York. Those actions resulted from a fire, allegedly originating in a faulty fireplace in *537 the above building which spread to the adjacent structure at 241 East 60 Street. The plaintiffs named in the various actions were Jacques Bellini, Inc., a corporation occupying a major portion of the adjacent premises, Jacques Bellini in his individual capacity, and, in one complaint, Kingsbury Properties, Inc., “the owner of the building” occupied and leased to the remaining plaintiffs. Reimbursed for their losses by their insurance carrier, plaintiffs instituted this subrogation action in its behalf.
Some time after the Statute of Limitations had run on plaintiffs’ action, it became known to the parties that Kingsbury Properties, Inc. was not the fee owner of the building. (It is not clear from the papers before the court exactly when or by whom the initial discovery was made.) To plaintiffs’ consternation, Ardmore Management Co., on the behalf of which Kingsbury acts as agent, was revealed to be the true owner, and not Kingsbury. The property initially belonged to Chatham Associates, Inc. which conveyed it to Avon Associates, Inc. which conveyed it to Ardmore. These names were all unknown to plaintiff Jacques Bellini, Inc. which had been paying rent to different corporations altogether, most recently to Kingsbury. Unaware of the existence of Ardmore and informed of the seemingly straightforward landlord-tenant relationship between Jacques Bellini and Kingsbury, attorneys for plaintiffs mistakenly drafted the summons and complaint as it is currently captioned.
The complaint as it now reads seeks $156,000 on behalf of Kingsbury for damages sustained to the building. Defendants point out that, as Kingsbury has never owned the building, the causes of action pertaining to it should be dismissed pursuant to CPLR 3212. As the statutory limitation period has run on plaintiffs’ cause of action, granting defendants’ motion would have the effect of forever barring the property damage claim.
Plaintiffs have attempted to cure their failure to designate the correct owner of the building by cross-moving to amend the complaint in one of several ways. The first would merely substitute Ardmore for Kingsbury in the summons and complaint. Plaintiff’s right to proceed in this manner would violate the rule that amendment may not be had where a substantial right of a party would be prejudiced by introducing a new party plaintiff under circumstances in which the Statute of Limitations has run (CPLR 3025; Neggy Travel Serv. v Sabena Belgian World Airlines, 56 AD2d 537).
The second proposal advanced by plaintiffs is to strike Kings-bury and allegations pertaining to it from the complaint and to *538 substitute Jacques Bellini, Inc. in the complaint as an entity suffering property damage. Defendants find this proposal equally offensive because Jacques Bellini, Inc. is not the owner of the building and is, therefore, according to defendants, no more entitled to recover for property damage than is Kingsbury. Defendants would suffer the same monetary prejudice as they would under the first proposal as the introduction of a new plaintiff regarding the property damage claim would also eliminate the problem of the expiration of the Statute of Limitations.
An analysis of the substance of this action reveals that the insurance carrier is the party which will ultimately bear the loss if a suit for property damages cannot be maintained. The carrier is the party which has recompensed the various plaintiffs and on whose behalf the suit is brought.
Under the insurance contract, the insurance carrier authorized to prosecute a lawsuit for building damage solely in the name of Jacques Bellini, Inc., its insured. It thus appears that Jacques Bellini, Inc. could have maintained a suit for the property damage claim ab initia. It is, therefore, neither improper nor unfair to allow it to amend the complaint to add a new cause of action which relates back to facts of the original complaint (Dittmar Explosives v A. E. Ottaviano, Inc., 20 NY2d 498), especially where, as here, inclusion of a new damage claim will not “significantly expand the scope of proof or the relevant legal considerations on the issue of liability” (Caffaro v Trayna, 35 NY2d 245, 251). Defendants will, of course, be prejudiced in the sense that they may have an expanded liability for damages, but this factor alone is not the type which will preclude amendment (Caffaro v Trayna, supra). It is no surprise to defendants that the fire caused substantial property damage and the facts, circumstances and proof relating to this issue will not change as a result of this amendment. Defendants cannot, therefore, assert either prejudice or surprise.
Defendants’ motion for summary judgment is denied. Plaintiffs’ motion to amend in accordance with their second proposal is granted. The complaint captioned “Jacques Bellini, Inc. against Gersalle Realty Corp.” as appended in exhibit A of plaintiffs’ reply papers is deemed served upon service of this order on all parties.