■ JACQUES BELLINI, Plaintiff, and JACQUES BELLINI, INC., et al., Respondents, v GERSALLE REALTY CORPORATION et al.,

Appellants, et al., Defendant.—Order, Supreme Court, New York County (Preminger, J.), entered On March 20, 1985, which denied the defendants-appellants' motion for summary judgment dismissing that portion of the complaint asserted on behalf of Kingsbury Properties, Inc. and which granted the plaintiff's cross motion to amend the complaint, affirmed, with costs.

This appeal involves two actions, consolidated by Special Term, each of which arose from a fire on March 21, 1979, at 241 East 60th Street in Manhattan. On that date plaintiff Jacques Bellini, Inc. (Bellini, Inc.) designed and sold custom clothes on two floors of the premises and Jacques Bellini occupied two additional floors of the premises as his personal residence, pursuant to a 21-year net lease dated August 21, 1972. The lease between Sutton Associates and Bellini, Inc. obligated the latter to obtain insurance, covering, *inter alia,* the building, personal property, rents, and earnings against all risks, and to make all necessary repairs. On or about June 3, 1977, Sutton Associates notified Bellini, Inc. to commence paying rent to Kingsbury Properties, Inc. (Kingsbury). Bellini, Inc. accordingly amended the indorsement on its policy with Quincy Mutual Life Insurance Company (Quincy Mutual) to name Kingsbury as the new mortgagee and loss payee.

Quincy Mutual adjusted the claim submitted by Bellini, Inc. Quincy Mutual, as subrogee to Bellini, Inc. and Kingsbury, and Jacques Bellini then commenced separate actions against the defendant Gersalle Realty Corporation, the owner of the adjacent building wherein the fire allegedly originated. Jacques Bellini also named its officer Gertrude Cohen and the City of New York as defendants. The complaint in the subrogation action alleged that Kingsbury owned the building and, in the second cause of action, asserted a claim on Kingsbury's behalf for damages to the building and loss of income in the amount of $156,000. The actions were consolidated shortly after issue was joined.

By notice of motion, dated November 2, 1984, defendants moved for partial summary judgment, alleging that Kingsbury was not the true owner, no cause of action existed in its favor, and therefore that portion of the complaint which asserted a cause of action for damages to the building should be dismissed. Defendants' affirmation in support of the motion averred that the Statute of Limitations had expired on an action by the owner before defendants discovered its true identity. Further, a title search confirmed that Kingsbury only collected rents as managing agent for the actual fee owner of

the premises, Ardmore Management Company. Plaintiffs cross-moved to amend the complaint pursuant to CPLR 3025 (b), or to correct the defect or mistake therein pursuant to CPLR 2001 by, *inter alia,* dropping Kingsbury as a party and asserting the challenged cause of action instead on behalf of Bellini, Inc. Special Term granted the cross motion to amend and correct the complaint in this manner and denied the motion for summary judgment. This appeal ensued.

. We believe that Special Term's determination to grant the motion to amend the complaint was a proper exercise of discretion consonant with the liberal policies of the CPLR regarding the construction, and the amendment, of pleadings. (CPLR 3025, 3026; *see also,* CPLR 104, 203 [6] [e].) Leave to amend should be freely given in the absence of prejudice to the other party traceable to the omission from the original pleading, some change of position, hindrance in the preparation of a case, or significant trouble or expense that could have been avoided had the original pleading contained what the amended one seeks to add. *(Wyso v City of New York,* 91 AD2d 661, 662 [2d Dept 1982].) Such prejudice does not exist where the motion simply amends the ad damnum clause and thus results in exposure to greater liability. *(Stornelli v Aakron Rule Corp.,* 89 AD2d 1060 [4th Dept 1982].) In our view, the inclusion of Kingsbury was a mistake, the correction of which does not prejudice defendants. Contrary to the observation of our dissenting colleague, Bellini, Inc. had an independent right of action for damages to the building based upon its status as net lessee.

Bellini, Inc.'s status under the net lease is akin to ownership. The net lease vested the burdens of ownership in Bellini, Inc. including the obligation to insure the building against all risks and to make all necessary repairs. *(See, Chicago City Bank & Trust Co. v Ceres Terms.,* 93 Ill App 3d 623, 417 NE2d 798, 805 [App Ct, 1st Dist 1981]).* Having paid Bellini, Inc.'s entire claim under compulsion of its insurance contract, Quincy Mutual is entitled to stand in its place.

We cannot agree with the dissent that the subject amendment has the effect of reviving a time-barred action. It is well settled that amendment of a pleading to assert a new cause of action, even one which technically belongs to different persons, or to substitute new parties, related to the original parties, is not precluded because an independent, de novo action would be time barred. The amendment may relate back to the earlier pleading so long as the earlier pleading gave the adverse party sufficient notice of the transaction out of which

the new claim arises. (CPLR 203 [e]; *Caffaro v Trayna,* 35 NY2d 245 [1974]; *Covino v Alside Aluminum Supply Co.,* 42 AD2d 77 [4th Dept 1973]; *Krupnicki v Snider,* 78 AD2d 1000 [4th Dept 1980].) A fortiori, here Special Term properly permitted an amendment which shifted the second cause of action set forth in the original complaint to the properly named plaintiff who might have asserted it *ab initio.* Defendants cannot complain since they have always been parties to the litigation. *(Covino v Alside Aluminum Supply Co., supra,* at p 81.) They cannot point to any significant respect in which they have been confused or misled.

We agree with Special Term that the court's reasoning in *Caffaro v Trayna (supra),* concerning lack of prejudice due to timely notice, has persuasive application here. There the court held that the complaint in an action for personal injury could be amended to assert a wrongful death claim because the defendant had timely notice of the transaction out of which the claim had arisen and the amendment did not "significantly expand the scope of proof or the relevant legal considerations on the issue of liability." *(Caffaro v Trayna, supra,* at p 251.) Here, as in *Caffaro,* considerations of judicial repose or foreclosure of stale claims are not so persuasive as to compel the invocation of the Statute of Limitations. In our view, the subject amendment does not frustrate the principle underlying purpose of the Statute of Limitations, which is to compel the exercise of a right of action within a reasonable time so that a defendant has an opportunity to prepare an adequate defense. *(See,* Siegel, NY Prac § 49, at 17 [1985 Pocket Part].) *Lennox v Rhodes* (39 AD2d 801 [3d Dept 1972]), relied upon by the dissent, involves jurisdictional considerations stemming from untimely service of process that are not presented herein. Parenthetically, we note that as the subject amendment relates back to the original complaint pursuant to CPLR 203, it makes no difference that the lease no longer exists and that Jacques Bellini, Inc. has filed articles of dissolution. Concur—Kupferman, J. P., Ross, Milonas and Rosenberger, JJ.

Sullivan, J., dissents in a memorandum as follows: On or about March 21, 1979, a fire in a building owned by defendants Gersalle Realty Corporation and Gertrude Cohen caused extensive damage to an adjoining building leased in part by Jacques Bellini, Inc. and owned by Ardmore Management Corp.

As required by its lease, Bellini had obtained a policy insuring the building against all risks with the Quincy Mutual

Fire Insurance Company. The policy also named Alex Di Lorenzo, III, care of Kingsbury Properties, Ltd., as a loss payee. In October 1979, Quincy paid Bellini for the building and contents loss caused by the fire as well as lost rents and profits, and then commenced this action as the subrogee of Bellini and Kingsbury. The complaint alleged, *inter alia,* that Kingsbury as owner of the building was entitled to recover $156,000 for damage to the building. A claim for $75,000 for damage to its contents and for lost income and rents was asserted on behalf of Bellini.

Defendants moved for summary judgment dismissing that part of the complaint seeking the recovery of $156,000 for damage to the building on the ground that Kingsbury was not the owner of the subject premises at the time of the fire, or at any time for that matter. Plaintiffs cross-moved to amend their complaint to substitute Ardmore for Kingsbury. Alternatively, plaintiffs requested amendment of the complaint to reflect Kingsbury's actual connection to the premises, apparently as managing agent, or to strike Kingsbury's name from the pleadings and substitute in its place Bellini as net lessee and as the entity entitled to recover all of the damages sustained as a result of the fire.

Special Term rejected plaintiffs' request for substitution of Ardmore since the Statute of Limitations had already run, and a substantial right of defendants would thus be prejudiced by introducing a new party plaintiff. The court did not address the alternate suggestion to have the complaint reflect Kingsbury's actual interest as managing agent. This, of course, would not have cured the defect in the complaint, viz., the lack of a plaintiff withstanding to assert a claim for damage to the building itself. The court did, however, grant plaintiffs' motion to amend the complaint to delete Kingsbury as a party to the action and to allege that Bellini, by virtue of its status as net lessee, sustained all of the damages resulting from the fire. The effect of that order is to permit Bellini, a lessee, to recover for the damage to property it did not own, viz., the building.

In my view, as only Ardmore had any right to sue for building damage, and the Statute of Limitations has run, Special Term should have granted summary judgment dismissing Kingsbury's building damage claim. While Bellini, as a lessee of a major portion of the premises, had an insurable interest in the building—"The test of insurable interest is whether an injury to the property or its destruction by the peril insured against would involve the assured in pecuniary

loss" *(Berry v American Cent. Ins. Co.,* 132 NY 49, 56; *see,* Insurance Law § 3401, formerly § 148)—such interest does not confer the rights of ownership upon it, nor entitle it to damages to which only the owner is entitled. Nor does the fact that, pursuant to the lease, Bellini had an obligation to make repairs establish rights of ownership sufficient to enable it to maintain this action.

Plaintiffs' claim that defendants were not prejudiced by the substitution of parties is flawed. While the claim may remain the same, the party originally asserting it, Kingsbury, was without a cognizable interest and therefore could never maintain the action. At the time defendants moved to dismiss, the Statute of Limitations had run. Thus, defendants are prejudiced by the amendment since they will be forced to defend an action for damage to the property owner's interest with the possibility of having to pay damages therefor, when the true owner, Ardmore, never pressed its claim within the appropriate time period. This is not a situation like that presented in *Covino v Alside Aluminum Supply Co.* (42 AD2d 77), where an amendment was allowed after the Statute of Limitations had run to substitute a corporation for the individual plaintiff. There, the proper party, the corporation, had actually been named in the title of the action and identified in the complaint as the owner of the premises where the fire occurred.

Inasmuch as the Statute of Limitations is jurisdictional, a party who has not asserted a cause of action prior to its running may not assert it afterwards. For that reason, the argument that amendment should be allowed since defendants had notice of the nature of the claim by virtue of Kingsbury's assertion of the same misses the point. The actual owner of the building failed to institute an action before the expiration of the Statute of Limitations, and "[n]o court shall extend the time limited by law for the commencement of an action" (CPLR 201). While CPLR 3025 (b) requires that "[l]eave to amend the pleadings 'shall be freely given' absent prejudice or surprise resulting directly from the delay" *(McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757, citing *Fahey v County of Ontario,* 44 NY2d 934, 935), because of the jurisdictional nature of the Statute of Limitations, the statute cannot be read to permit an amendment, the effect of which is to revive an already time-barred action. *(See, Lennox v Rhodes,* 39 AD2d 801.)

Accordingly, I would reverse, grant the motion to dismiss the building damage claim and deny plaintiffs' cross motion. [128 Misc 2d 536.]