606 A.2d 1172

**Alice ROSMONDO, Individually, and Alice Rosmondo, Administratrix of the Estate of Donald Rosmondo, Jr., Appellant,**

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA, Insurance Company of North America, Appellees,**

and

**S.P.S. Technologies, Inc.**

Supreme Court of Pennsylvania.

Argued Jan. 24, 1992.

Decided May 22, 1992.

Steven R. Geroff, Aaron Finestone, Philadelphia, for appellant.

E. Douglas Sederholm, Philadelphia, for Life Ins. Co. of North America and Ins. Co. of North America.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS, and CAPPY, JJ.

## ORDER

PER CURIAM.

The order of the Superior Court is affirmed.

LARSEN, J., files a dissenting opinion.

McDERMOTT, J., notes his dissent.

LARSEN, Justice, dissenting.

I dissent. This case arises under Pa. Rule of Civil Procedure 1033 relating to the amendment of pleadings. The relevant facts are as follows. On November 27, 1978, Donald A. Rosmondo, Jr. enrolled in an Accidental Death and Dismemberment Group Policy with Life Insurance Company of America and authorized his employer to deduct from his salary the required premium. The face amount of the policy was $200,000.00 and the named beneficiary was his father, Donald A. Rosmondo. On May 5, 1979, Donald Rosmondo, Jr., died as the result of injuries received in an automobile accident.

On May 3, 1985, Appellant, in her own right and as administratrix of her son's estate, caused a Writ of Summons to be served on the Appellee insurance companies. It is conceded by all parties that the applicable statute of limitations expired on May 5, 1985. Although a complaint was never filed, apparently there were subsequent telephone communications between Appellant's counsel and the insurance companies regarding the basis of Appellant's claim, *i.e.*, a claim under an accidental death provision of a group policy insuring Donald Rosmondo, Jr. By letter to Appellant's counsel, dated November 15, 1985, a regional claims director for one of the insurance companies confirmed a recent telephone conversation with Appellant's counsel, forwarded a proof of loss form (without admitting liability) and noted the following: "Incidently [sic], the named beneficiary is Donald A. Rosmondo, father of the deceased. We are enclosing a photocopy of enrollment card. Proof of Loss form should of course be signed by the father." As a result of the aforesaid letter, Appellant filed a motion to amend the caption on the writ to substitute "Donald A. Rosmondo, individually" for "Alice Rosmondo, individually." On February 1, 1988, the Court of Common Pleas of Philadelphia, based on Pa.R.C.P. 1033 [1] and their

1. Pa.R.C.P. 1033 reads, in pertinent part, as follows:

discretionary powers, ordered that the caption be amended to read "Donald A. Rosmondo, individually, and Alice Rosmondo, Administratrix of the Estate of Donald Rosmondo, Jr." On interlocutory appeal, pursuant to Pa.R.A.P. 1311 and 42 P.C.S. § 702(b), the Superior Court reversed the trial court's order. The Superior Court based its decision on *Girardi v. Laquin Lumber Co.*, 232 Pa. 1, 81 A. 63 (1911); *Gozdonovic v. Pleasant Hills Realty Co.*, 357 Pa. 23, 53 A.2d 73 (1947); and *Wernick v. Pittsburgh Underwriters Agency*, 90 Pa.Super. 186 (1926).

In this appeal, the following contentions are raised by Appellant: 1) the *Wernick* decision was wrong at the time it was decided and, even if it was right then, it is now obsolete. In today's more humane society, it is argued, an insurance company which has accepted premiums should not be allowed to avoid a claim on a narrow technicality where no prejudice is shown. 2) This Court should adopt the "relation back" doctrine contained in Rule 15(c) of the Federal Rules of Civil Procedure.[2]

This Court has held that amendments to pleadings under Pa.R.C.P. 1033 "should be granted with liberality so as to secure determination of cases on their merits *whenever possible.*" *Saracina v. Cotoia*, 417 Pa. 80, 83, 208 A.2d 764, 765 (1965) (original emphasis). However, in the same case, by a 4–3 decision, we held that "[w]hile there are

A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading.

**2.** Fed.R.C.P. 15(c) provides, in relevant part, as follows:
(c) Relation Back of Amendments.
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

strong indications in this case that Saracina intended to bring suit against the operator of the vehicle, Robert Cotoia, an amendment to the complaint, after the statute of limitations has run, to bring in a new and distinct party [defendant] to the action cannot be permitted." *Id.* In *Paulish v. Bakaitis*, 442 Pa. 434, 275 A.2d 318 (1971), we permitted a post-statute of limitations amendment of a complaint to name a partnership as a defendant rather than the incorrectly designated corporation. The question presented was "whether a right party was sued but under a wrong designation, or whether a wrong party was sued and the amendment was designed to substitute another and distinct party. Amendment after the period of limitations is permissible in the former situation: in the latter it is not." *Id.*, 442 Pa. at 440, 275 A.2d at 321. *Accord, Powell v. Sutliff*, 410 Pa. 436, 189 A.2d 864 (1963) (allowing a post-statute of limitations amendment of caption from partnership to corporation). But see, *Girardi v. Laquin Lumber Company*, 232 Pa. 1, 81 A. 63 (1911) (proposed post-statute of limitations amendment from Laquin Lumber Company, a corporation, to a partnership trading as Laquin Lumber Company not permitted on the grounds that it would be bringing in a new party to the action.)

In the instant case, certainly the father as plaintiff is a "new party" in that a different person is involved. However, if it were intended that the initial filing be a notice of claim on behalf of the named insured of the policy against the insurance company, then the proposed amendment could fairly be termed a correction of a misdesignation (this was the view of the trial court). There are equities at play on both sides of this case including, *inter alia:* 1) whether an insurance company, after receiving premium payments from the deceased, should reap a windfall because of an inadvertent mistake; 2) whether an insurance company should not be able to put its books and records in order by properly relying on the statutes of limitations to finalize transactions; 3) whether the lack of a complaint prejudiced the insurance company defendants in that notice of the

underlying claim was incomplete; and 4) does the fact that the alleged "new party" is a plaintiff rather than a defendant make a difference?

I would reverse the opinion of the Superior Court and permit Appellant to amend her pleading. My reasoning is as follows.

Appellees, of course, as did the Superior Court, rely heavily on *Wernick, supra,* where the Superior Court there refused substitution for the *plaintiff* after the expiration of the applicable time limitations. Relying on *Girardi, supra,* the *Wernick* court explained that if the effect of a proposed amendment "is to bring a new party in the record, it should be refused after the running of the statute of limitations." *Id.* at 188. Both *Girardi* and *Gozdonovic, supra,* which the Superior Court relied on in the instant case as well, were, incidentally, *defendant* substitution cases.[3] I think Wernick must now be disapproved in light of modern analysis discussed below.

Appellees argue cogently that this Court should not adopt the principles of Federal Rule 15(c)'s relation back theory in Pennsylvania for good reason. They argue that by its own terms, Federal Rule 15(c) allows only those amendments which arise from conduct, transactions, or occurrences set forth in an original pleading. The essence of the "relate back" rule is that the original pleading filed within the statutory period sufficiently notifies the parties of the nature of the claims being made such that it would not be prejudicial or unfair to the opposing party to allow a later amendment. Professors Wright and Miller, noted authorities on federal procedure, explain that:

> [a]s long as the defendant is fully apprised of a claim arising from specific conduct and has prepared to defend the action, his ability to protect himself will not be prejudicially affected if a new plaintiff is added....

---

**3.** In *Gozdonovic, supra,* we held that an amendment which sought to substitute a new and distinct party for an original party defendant must be rejected, but we allowed an amendment to correct the name of an existing defendant.

Unlike Pennsylvania, of course, the Federal Courts require that civil action be commenced by filing a complaint. F.R.C.P. 3. Further, the federal system is a "notice" pleading jurisdiction, requiring only that a complaint contain a "short and plain statement" of the claim for relief. F.R.C.P. 8. The "relate back" rule is logical and fair in the federal system because a plaintiff's first pleading—a complaint filed within the statutory period—notifies the defendant of the nature and extent of the claims against it. Accordingly, a defendant in the federal courts is not prejudiced by a subsequent amendment which arises out of the same "conduct, transactions or occurrences" which were enumerated in the original complaint.

By contrast, Pennsylvania takes a different approach to pleadings. Here, an action may be commenced by filing a bare writ of summons. The writ provides no information except the names of the parties. A writ of summons fails to notify the defendant of the nature and extent of the claims being asserted.

Accordingly, Appellees argue, even if Pennsylvania had a "relate back" rule similar to F.R.C.P. 15(c), it would, nevertheless, be inapplicable in the case at bar. Here, there is nothing to which Appellant's proposed amendment can "relate back." Her sole pleading, the writ, contains no "conduct, transactions or occurrences" to which her proposed substitution could refer. Hence, even if this Court were attracted to the "relate back" rule, it would, nevertheless, have to refuse Appellant's proposed amendment. Defendants would be unfairly prejudiced were this Court to allow plaintiffs to amend writs of summons after the expiration of the statute of limitations so as to introduce new parties whose claims would be otherwise time-barred. (See Appellees' brief at pp. 17–19.)

Appellees' argument is astute and I would decline to generally adopt Federal Rule 15(c) to Pennsylvania practice. However, their arguments are unavailing here because the principles underlying Pa.R.C.P. 1033 must be examined to determine when or whether a pleading may be amended

after a statute of limitations deadline has passed. Technicalities must not be exalted over substance. As to the question of when a new party plaintiff, a substitute plaintiff, or a new cause of action may be added after the statute of limitations period has passed, I think that the governing principle, in keeping with modern notions of fairness and justice, is as follows. The test is prejudice. Will the defendants be prejudiced by the amendment? Generally, when a party will not be prejudiced by a proposed change, courts are inclined to deem the change one of name only, not of party, and will permit the amendment to allow the change. *Jacob's Air Conditioning and Heating v. Associated Heating and Air Conditioning,* 366 Pa.Super. 430, 531 A.2d 494, at 495–496 (1987).

Prejudice must amount to something more than the removal of the procedural defect that the amendment is intended to cure. Rather, a trial court may not deny a party leave to amend unless unfair surprise or some comparable prejudice will result from the amendment. *Robinson Protective Alarm Co. v. Bolger and Picker,* 512 Pa. 116, 516 A.2d 299 (1986).

In the instant case, Appellees will not be prejudiced by the amendment. None of their contractual obligations has been changed. Before the statute of limitations had expired, Appellees had been placed on notice that it would have to defend a suit by the beneficiary of Donald Rosmondo, Jr., for the proceeds of his insurance policy. Despite the amendment, the assets subject to liability remain the same. The facts, legal theories and defenses remain the same. Only the name of the beneficiary would be corrected by the amendment. Appellees cannot claim surprise. At all times, they had in their files documents stating the name of the beneficiary. They knew they were being sued over a specific insurance policy. Since no prejudice was shown, the trial court was correct in allowing the amendment. That is not to say that in other situations, prejudice may not be shown because only a writ of summons and not a

complaint is being sought to be amended. But no prejudice has been shown here.

The decision to recognize at least a modified relation back theory with respect to adding plaintiffs, substituting plaintiffs, or adding causes of action under Pa.R.C.P. 1033 is consistent with decisions in sister states which have not adopted the Federal Rules, specifically Rule 15(c). See, *Citizens Association for Sensible Development of Bishop Area v. County of Inyo,* 172 Cal.App.3d 151, 217 Cal.Rptr. 893 (1985); *Franklyn Gesner Fine Paintings v. Ketcham,* 252 Ga. 537, 314 S.E.2d 903 (1984); *Saltmarsh v. Burnard,* 151 Mich.App. 476, 391 N.W.2d 382 (1986); *Bellini v. Gersalle Realty Corporation,* 120 A.D.2d 345, 501 N.Y.S.2d 674 (1986); and *Korkow v. General Casualty Company of Wisconsin,* 117 Wis.2d 187, 344 N.W.2d 108 (1984).

I would reverse the order of the Superior Court.