Carolyn WINE, Plaintiff,

v.

EMSA LIMITED PARTNERSHIP,
et al., Defendants.

No. 94–4006.

United States District Court,
E.D. Pennsylvania.

May 22, 1996.

rectional Officer at Delaware County Prison, Rose Bell, Correctional Officer, Individually and in Her Official Capacity as a Correctional Officer at Delaware County Prison, Juanita Clark, Correctional Officer, Individually and in Her Official Capacity as a Correctional Officer at Delaware County Prison, and Barbara Ciliberto, Lieutenant, Individually and in Her Official Capacity as a Correctional Officer at Delaware County Prison.

Kean K. McDonald, Jacqueline M. Carolan, LaBrum and Doak, Philadelphia, PA, Maria B. Mazzeo, LaBrum and Doak, Philadelphia, PA, for EMSA, Limited Partnership Correctional Care Division.

Daniel Silverman, Philadelphia, PA, for plaintiff.

William F. Holsten, II, Holsten & White, Media, PA, Andrew J. Bellwoar, Media, PA, for Haverford Township, Haverford Township Police Department, Gary Hoover, Individually and in his official capacity, John Esher, Individually and in his official capacity, and Nicholas Rossino, Individually and in his official capacity.

Robert M. Diorio, Diorio & Falzone, Media, PA, for County of Delaware, John Doe, Individually and in His Official Capacity as a Delaware County Prison Officer, Jane Doe 1, Individually and in Her Official Capacity as a Delaware County Prison Officer, Jane Doe 2, Individually and in Her Official Capacity as a Delaware County Prison Officer, Jane Doe 3, Individually and in Her Official Capacity as a Delaware County Prison Officer, Jane Doe 4, Individually and in Her Official Capacity as a Delaware County Prison Officer, Jane Doe 5, Individually and in Her Official Capacity as a Delaware County Prison Officer, Jane Doe 6, Individually and in Her Official Capacity as a Delaware County Prison Officer, Denise Jenkins–Epps, Correctional Officer, Individually and in Her Official Capacity as a Correctional Officer at Delaware County Prison, Teresa Stahelek, Individually and in Her Official Capacity as a Correctional Officer at Delaware County Prison, Lois Freeman, Individually and in Her Official Capacity as a Cor-

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Plaintiff Carolyn Wine has brought suit against EMSA Limited Partnership ("EMSA"), the County of Delaware and six named correctional officers to recover for injuries she allegedly sustained as a result of the improper medical treatment she was allegedly given upon her arrest. Plaintiff seeks damages against EMSA based on a negligence theory and against all other Defendants for violations of her civil rights under 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion for leave to file a "Third Amended Complaint"[1] adding two new parties, against whom Plaintiff's claims would otherwise be barred by the statute of limitations, on the theory that the claims Plaintiff asserts against these parties relate back to the date Plaintiff filed her original complaint. For the reasons set forth herein, Plaintiff's motion will be denied.

## I. BACKGROUND

Plaintiff, Carolyn Wine originally filed suit in this action on June 29, 1994, alleging that Defendants Haverford Township, Haverford Township Police Department, three named Haverford Township police officers and Dela-

---

1. Although Plaintiff currently seeks leave to file her "Third Amended Complaint," Plaintiff has already filed three amended complaints in this case. (doc. nos. 18, 27 & 40)

ware County Prison[2] violated her civil rights under 42 U.S.C. § 1983 when on or about April 6, 1993, they allegedly deprived Plaintiff of adequate medical care while she was incarcerated at Delaware County Prison.[3] (Compl., doc. no. 1) On November 15, 1994, Plaintiff retained new counsel and on November 18, 1994, amended her complaint to add seven unnamed correctional officers as additional defendants.[4] (Withdrawal/Entry Appearance, doc. no. 17; Am.Compl., doc. no. 18) Another amended complaint was filed on March 24, 1995. This amended complaint asserted, along with Plaintiff's original theories of liability, a negligence cause of action against EMSA Limited Partnership, an entity contracted to provide medical care to inmates incarcerated at Delaware County Prison. (Am.Compl., doc. no. 27)

On January 10, 1996, Plaintiff filed a "Second Amended Complaint" which identified by name, the six correctional officers whose true identities, Plaintiff had not previously ascertained.[5] (Second Am.Compl., doc. no. 40) On March 19, 1996, a stipulation was filed whereby Plaintiff voluntarily dismissed Defendants Haverford Township, Haverford Township Police Department and the three named Haverford Township police officers from the case. (Stip. & Ord., doc. no. 54)

Plaintiff now requests leave to file a "Third Amended Complaint" to add Correctional Officer Denise Dunn and the Delaware County Board of Prison Inspectors as new defendants in this case. Relying upon Federal Rule of Civil Procedure 15, Plaintiff contends that she did not name these Defendants previously because she did not learn of their potential culpability in her action until February 1996. (Plf.'s Mot. Leave Am., doc. no. 57 at ¶¶ 8–10). EMSA opposes specific paragraphs of Plaintiff's proposed Third Amended Complaint which EMSA contends would alter Plaintiff's allegations against it, even though Plaintiff has not requested leave to do

so. (EMSA Answer to Plf.'s Mot. Leave Am., doc. no. 59) Defendants the County of Delaware and the six named correctional officers oppose Plaintiff's motion in its entirety, asserting that Plaintiff is not entitled to leave to amend under Rule 15. (Del. Cty/6 Corr.Off.Answer to Plf.'s Mot.Leave Am. doc. no. 58)

## II. DISCUSSION

 Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R.Civ.P. 15(a); *see Gay v. Petsock,* 917 F.2d 768, 772 (3d Cir.1990) (Rule 15 designed to allow amendment of pleadings "in the interests of justice") (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—" leave to amend should be liberally granted. *Foman,* 371 U.S. at 182, 83 S.Ct. at 230; *see Heyl & Patterson Int'l, Inc., v. F.D. Rich Housing of the Virgin Islands, Inc.,* 663 F.2d 419, 425 (3d Cir.1981) (undue prejudice is touchstone for denial of leave to amend), *cert. denied,* 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982).

 Although Rule 15(a) favors a liberal policy for the amendment of pleadings, if a litigant seeks to add a party after the statute of limitations on its claim has run, "the essence of Rule 15(a) is not reached," unless the Court finds that the requirements of Federal Rule of Civil Procedure 15(c), which governs the relation back of amendments, have been satisfied. *Cruz v. City of Camden,* 898 F.Supp. 1100, 1115 (D.N.J.1995). In the present case, it is uncontested that the stat-

---

**2.** On Aug. 16, 1994, Plaintiff voluntarily dismissed her claims against Delaware County Prison. (Notice of Dismissal, doc. no. 11)

**3.** Plaintiff contends that as a result of the allegedly poor care which she received, she experienced insulin shock and went into a coma. (Compl., doc. no. 1)

**4.** These seven unnamed correctional officers were designated as John Doe and Jane Doe one through six.

**5.** The Second Amended Complaint dismissed Plaintiff's claim against the John Doe correctional officer.

ute of limitations on Plaintiff's claims, which began to run on or about April 6, 1993, when her injuries were sustained, expired on or about April 6, 1995. *See* Second Am.Compl., doc. no. 40 at ¶¶ 16–35; 42 Pa.Cons.Stat.Ann. § 5524(2) (two-year statute of limitations on personal injury actions); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78 (3d Cir.1989) (appropriate limitations period for section 1983 claim is Pennsylvania's two-year statute of limitations applicable to personal injury actions); *Bohus v. Beloff*, 950 F.2d 919, 924 (3d. Cir.1991) (generally, under Pennsylvania law, statute of limitations begins to run when the cause of action accrues, i.e., when the injury is sustained). Consequently, Plaintiff may not add the proposed new defendants to this action unless the proposed Third Amended Complaint "relates back" to the date of her original filing on June 29, 1994, pursuant to Rule 15(c). *Engel v. Minissale*, 1994 WL 444717 at *2 (E.D.Pa. Aug. 16, 1994) (citing *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 174 (3d Cir.1977).

Under Rule 15(c) an amended complaint will relate back to the date of the original complaint when (1) relation back is permitted by the law that provides the applicable statute of limitations; *or* (2) the basic claim arises out of the conduct, transaction, or occurrence set forth in the original pleading; *or* (3) the amendment changes the party or the naming of the party against whom a claim is asserted, provision (2) is satisfied and, within 120 days after the filing of the original complaint—or longer for good cause shown—the party to be brought in by the amendment (A) received such notice of the action that it will not be prejudiced in maintaining its defense and (B) knew or should have known that, but for a mistake concern-

ing identity, the action would have been brought against it. Fed.R.Civ.P. 15(c); *see Bechtel v. Robinson*, 886 F.2d 644, 651 (3d Cir.1989) (quoting *Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986)); *Dean v. Harold Ives Trucking*, 1995 WL 540519 at *2 (E.D.Pa. Sept. 7, 1995); *Thompson v. Glenmede Trust Co.*, 1994 WL 675186 at *3–4 (E.D.Pa. Nov. 23, 1994).

■ As here, Plaintiff seeks to add new defendants, not new claims, if her proposed Third Amended Complaint is to relate back it will have to be pursuant to Rule 15(c)(1) or Rule 15(c)(3). *See Nelson v. County of Allegheny*, 60 F.3d 1010, 1014 n. 4 (3d Cir.1995) (15(c)(1) intended to make clear that 15(c) does not apply to preclude any relation back that may be permitted under the applicable limitations law of the jurisdiction that provides the statute of limitations), *cert. denied*, —— U.S. ——, 116 S.Ct. 1266, 134 L.Ed.2d 213 (1996). Under Pennsylvania law, which provides the statute of limitations in this case, it is well established that "a plaintiff may not add a new party after the expiration of the applicable statute of limitations." *Zercher v. Coca–Cola USA*, 438 Pa.Super. 142, 651 A.2d 1133, 1134 (1994) (citing *Hoare v. Bell. Tel. Co.*, 509 Pa. 57, 500 A.2d 1112 (1985)).[6] Since Rule 15(c)(1) does not aid Plaintiff's cause, therefore, to establish that her proposed Third Amended Complaint should relate back to the date of her original filing, Plaintiff must demonstrate that the requirements prescribed in subsection (c)(3) of Rule 15 have been fulfilled.

■ In deciding whether an amendment to add a new defendant relates back under Rule 15(c)(3), the focus of the Court is on

---

6. *See Hamilton v. Bechtel*, 441 Pa.Super. 390, 393, 657 A.2d 980, 981 (after statute of limitations has run, amendment permitted where right party sued under wrong designation, but not where wrong party sued and amendment seeks to substitute "another and distinct party"), *appeal denied*, 542 Pa. 639, 666 A.2d 1049 (1995); *Nelson v. County of Allegheny*, 60 F.3d 1010, 1014 n. 4 (3d Cir.1995) (where party seeks to add new party after statute of limitations has expired, Pennsylvania does not provide more forgiving principle of relation back than federal practice) (citing *Aivazoglou v. Drever Furnaces*, 418 Pa.Su-

per. 111, 613 A.2d 595, 599 (1992)); *Cianchetti v. Kaylen*, 241 Pa.Super. 437, 441, 361 A.2d 842, 843 (1976) (amendment of complaint after statute of limitations has run to bring in "new and distinct party" not permitted) (citing *Paulish v. Bakaitis*, 442 Pa. 434, 275 A.2d 318 (1971); *Saracina v. Cotoia*, 417 Pa. 80, 208 A.2d 764 (1965); *Powell v. Sutliff*, 410 Pa. 436, 189 A.2d 864 (1963); *Thompson v. Peck*, 320 Pa. 27, 181 A. 597 (1935)); *see also Rosmondo v. Life Ins. Co. of N. Am.*, 530 Pa. 37, 606 A.2d 1172 (1992) (Larsen, J., dissenting) (examining viability of relation back principles of Fed.R.Civ.P. 15(c) under Pennsylvania law).

whether the proposed new defendant had actual, constructive or imputed notice of the action within 120 days after the filing of the complaint or longer for good cause shown. Fed.R.Civ.P. 15(c)(3)(A); *Dean,* 1995 WL 540519 at *2; *but see Cruz,* 898 F.Supp. at 1116 (actual notice of existence of litigation required to add newly named defendants). Notice may be imputed to proposed new parties sought to be added after the limitations period has expired " 'when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced.' " *Advanced Power Systems, Inc. v. Hi–Tech Systems, Inc.,* 801 F.Supp. 1450, 1456 (E.D.Pa.1992) (quoting *Hernandez Jimenez v. Calero Toledo,* 604 F.2d 99, 101–02 (1st Cir.1979)). Additionally, the Court must consider whether within the same 120 day time period required for notice, the new defendant "knew or should have known that his joinder was a distinct possibility" or whether that defendant maintained a "reasonably held belief that the failure to join him was a deliberate strategy."[7] *Dean,* 1995 WL 540519 at *3; Fed.R.Civ.P. 15(c)(3)(B). In the former case, the plaintiff's claim may relate back, in the latter, it may not. The plaintiff carries the burden to prove both the notice and "mistake" requirements. *Hurst v. Beck,* 1992 WL 189496 at *2 (E.D.Pa. Aug. 3, 1992).

In the present case, Plaintiff's proposed claims against Correctional Officer Dunn and the Delaware County Board of Prison Inspectors arise from the same incident alleged in the original complaint. Thus, the requirements of Rule 15(c)(2) have been fulfilled. The notice requirements of 15(c)(3)(A) have also been satisfied. With regard to Correctional Officer Dunn, as she admittedly had interactions with Plaintiff upon Plaintiff's arrival at Delaware County prison during the days in question and as seven other correctional officers who also had interactions with Plaintiff at Delaware County Prison were originally sued in this action, (albeit only as Jane or John Does), it is reasonable to impute knowledge of Plaintiff's action to Correctional Officer Dunn within the 120 day period required by the Rule.[8] *See Chase v. Matty,* 1992 WL 437615 at *1 (E.D.Pa.1992) (when several prison guards are sued for act allegedly committed by group of which other guards admittedly a part, reasonable to assume guards not originally named as defendants had notice of such claim) (citation omitted). Similarly, it is reasonable to assume that the Delaware County Board of Prison Inspectors—which as Defendants have averred "is responsible for the operation and control of Delaware County Prison and its agents, servants and/or employees"—also had the required notice of the institution of Plaintiff's action. (Answer of

7. While a literal reading of Rule 15(c)(3) might suggest that the mistake element only applies to misnamed or misdescribed parties, "the Rule is widely-understood to allow the addition of new parties that were never originally named or described." *Heinly v. Queen,* 146 F.R.D. 102, 107 (E.D.Pa.1993) (citing *Advanced Power Systems, Inc. v. Hi–Tech Systems, Inc.,* 801 F.Supp. 1450, 1457 (E.D.Pa.1992)); *see Dean v. Harold Ives Trucking,* 1995 WL 540519 at *3 (E.D.Pa. Sept. 7, 1995) (same); *Taliferro v. Costello,* 467 F.Supp. 33, 34–36 (E.D.Pa.1979) (same); *see also Nelson v. County of Allegheny,* 60 F.3d 1010, 1013–15 and n. 7 (3d Cir.1995) (engaging in analysis under 15(c)(3) where amended complaint sought to add new plaintiffs and noting that such analysis was derived by analogy from the "attitude taken in revised Rule 15(c) toward change of defendants"), *cert. denied,* —— U.S. ——, 116 S.Ct. 1266, 134 L.Ed.2d 213 (1996); *Lundy v. Adamar of N.J., Inc.,* 34 F.3d 1173, 1192–93 (3d Cir.1994) (Becker, J., dissenting) (finding that "Rule 15(c) on its face applies to the

changing of a party, not just to correcting a misnomer" and noting that "the majority does not hold otherwise"); *Bloomfield Mech. Contracting, Inc., v. Occupational Safety & Health Review Comm'n,* 519 F.2d 1257, 1262 (3d Cir. 1975) (purpose of Rule 15(c) is to ameliorate effect of statute of limitations where plaintiff has sued wrong party but where right party had adequate notice of institution of the action).

8. Plaintiff avers that Correctional Officer Dunn was directly involved in the initial monitoring of Plaintiff upon her arrival at Delaware County Prison and that Correctional Officer Dunn signed Plaintiff's intake form. (Plf.'s Reply Supp.Mot. Leave Am, doc. no. 60 at 4) Defendants do not dispute these assertions and the Delaware County and Correctional Officer Defendants admit that they named Correctional Officer Dunn as a potential witness to Plaintiff's claims. (Del. Cty/6 Corr.Off.Answer to Plf.'s Mot.Leave Am., doc. no. 58 at ¶ 10)

County of Delaware and Jane/John Doe Defs. to Am.Compl., doc. no. 20 at ¶ 9)

Examination of whether here, Plaintiff has established that the "mistake" condition of Rule 15(c)(3)(B) has been satisfied leads to a similar result. Generally, courts have found the mistake condition of Rule 15(c) fulfilled "when the original party and the added party have a close identity of interests." *Johnson v. Goldstein,* 850 F.Supp. 327, 330 (E.D.Pa. 1994) (citation omitted). With regard to proposed new Defendant the Delaware County Board of Prison Inspectors, the Court finds that given the Board's close relationship with Delaware County Prison whose operation the Board controls, the Board either "knew or should have known" within 120 days after the filing of Plaintiff's complaint that Plaintiff's non-inclusion of the Board in her suit was a mistake as opposed to a "deliberate strategy." *Dean,* 1995 WL 540519 at *3; *see* Fed.R.Civ.Pro. 15(c)(3). With regard to Correctional Officer Dunn, the Court finds that as Plaintiff's original complaint named six Jane Doe correctional officers and one John Doe correctional officer as defendants in this case, Correctional Officer Dunn likewise "knew or should have known" within the period prescribed by the Rule that her joinder in this case was a "distinct possibility." *Dean,* 1995 WL 540519 at *3.

■ Having found that the relation back requirements of Rule 15(c) have been satisfied, the Court may now turn to the issue of whether Plaintiff's current motion for leave to amend her complaint should be granted "in the interests of justice" under Rule 15(a). *Gay,* 917 F.2d at 772 (citation omitted); Fed. R.Civ.Pro. 15(a) ("leave shall be freely given when justice so requires"); *see Cruz,* 898 F.Supp. at 1115. In her motion for leave to amend, Plaintiff asserts that the proposed new Defendants were not named earlier because information linking them to her claims was only recently divulged. This averment is without merit.

In December 1994, Defendants the County of Delaware, John Doe Correctional Officer and Jane Doe Correctional Officers One

through Six[9] filed an answer to Plaintiff's Amended Complaint averring that the Delaware County Board of Prison Inspectors operated and controlled Delaware County Prison and employed the use of EMSA to diagnose, treat and/or care for the medical needs of all inmates. (Answer of County of Delaware and Jane/John Doe Defs. to Am. Compl., doc. no. 20 at ¶¶ 9, 33, filed 12/9/94) In her reply brief in support of her current motion, Plaintiff candidly admits that as a result of this disclosure "plaintiff should have been on notice in December 1994 that the proper institutional entity that administers the affairs of the prison is the proposed defendant." (Plf.'s Reply Supp.Mot.Leave Am, doc. no. 60 at 5) Additionally, Plaintiff does not contest that also in December 1994, Defendants the County of Delaware, John Doe Correctional Officer and Jane Doe Correctional Officers One through Six sent to Plaintiff's counsel their self-executing discovery documents which included the name of Correctional Officer Dunn as a potential witness to the incidents contained within Plaintiff's complaint as well as their answers to Plaintiff's written interrogatories and request for production of documents which also included references to Correctional Officer Dunn.

Therefore, as early as December 1994, over a year before the Second Amended Complaint was filed, Plaintiff possessed either the exact information or clear links to the information upon which she bases her present motion for leave to amend. Nonetheless, Plaintiff has proffered no justification for her prior failure to name or otherwise identify Correctional Officer Dunn and the Delaware County Board of Prison Inspectors as parties with potential liability in the present action. *See Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir.1990) (finding that burden is on party wishing to amend to provide a satisfactory reason for delay and affirming denial of motion for leave to amend in the absence of such justification).

■ While the passage of time alone does not support the denial of leave to amend,

---

9. Jane Doe Correctional Officers One through Six were later identified in the Second Amended Complaint as Correctional Officers Denise Jen-kins–Epps, Teresa Stahelek, Lois Freeman, Rose Bell, Juanita Clark and Lieutenant Barbara Ciliberto.

undue delay in seeking such leave will. *Foman*, 371 U.S. at 182, 83 S.Ct. at 230. Such is the case here, where discovery has been completed and Defendants' summary judgment motions have already been briefed and filed.[10] Although there is some suggestion in Plaintiff's motion that her change of counsel may have contributed to the oversights here at issue, the Court finds that it would be unfair to shift any prejudice which may have resulted from that voluntary change from Plaintiff to her adversaries. The Court concludes, therefore, that under the circumstances of this case, the "interests of justice" do not require that Plaintiff's motion be granted.

## III. CONCLUSION

The Court has found that Plaintiff's claims against the proposed new defendants relate back to the date of filing of her original complaint under Rule 15(c). However, because the interests of justice do not warrant allowing Plaintiff to amend her complaint for a fourth time at this late date without justification, Plaintiff's motion for leave to amend will, therefore, be denied.

An appropriate order shall be entered.

### ORDER

**AND NOW,** this 22nd day of **May, 1996,** upon consideration of Plaintiff's Motion for Leave to Amend Complaint (doc. no. 57), the Defendants' responses thereto (doc. nos. 58 & 59) and the Plaintiff's reply (doc. no. 60), it is hereby **ORDERED** that the motion is **DENIED.**[11] It is **FURTHER ORDERED** that Plaintiff's Responsive Motion to Preclude Consideration of Defendant's Motion for Summary Judgment (doc. no. 49) is **DENIED.**

**AND IT IS SO ORDERED.**

10. Defendants the County of Delaware and the six named correctional officers have filed their summary judgment motion. Plaintiff has not yet answered this motion, but has a motion to deny its consideration due to its alleged untimely filing, currently pending before the Court. By order of the Court accompanying this memorandum, Plaintiff's motion will be denied. The summary judgment motion of Defendant EMSA has been fully briefed and is ready for adjudication.

11. Plaintiff's motion for leave to amend having been denied, Plaintiff shall not be permitted to name Correctional Officer Dunn and the Delaware County Board of Prison Inspectors as Defendants in this action. The Court notes that in her reply brief in support of her motion for leave to amend, Plaintiff voluntarily withdrew the modifications to the allegations against EMSA Limited Partnership she proposed in Paragraphs 42, 43 & 44. (Plf.'s Reply Supp.Mot.Leave Am, doc. no. 60 at 1)