El Juez Asociado Señor Rebollo López
emitió la opinión del Tribunal.
El 11 de febrero de 1998, Josefa Arce Bucetta y otros empleados y ex empleados de Motorola Electrónica de Puerto Rico (Motorola) presentaron ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, una de-manda sobre reclamación de. salarios por trabajos realiza-dos durante el periodo para tomar alimentos, durante el séptimo día de descanso y por vacaciones no concedidas, no disfrutadas o fraccionadas indebidamente. Solicitaron, además, que se certificara el pleito como de clase según el Art. 13 de la Ley de Horas y Días de Trabajo, Ley Núm. 379 de 15 de mayo de 1948 (Ley 379), 29 L.P.R.A. see. 282,(1) y la Regla 20.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III.
En su contestación a la demanda, Motorola alegó que no adeudaba dinero a los demandantes. Entre sus defensas afirmativas planteó que la Ley 379 no autorizaba una ac-ción de clase y que, de igual modo, no procedía la certifica-ción de clase al amparo de la Regla 20 de Procedimiento Civil, ante, ya que no se cumplían los requisitos para ello. Asimismo, sostuvo que las causas de acción de los deman-dantes estaban prescritas.
El 19 de junio de 1998 los demandantes presentaron una demanda enmendada en la cual solicitaron la inclu-sión de ciento quince demandantes adicionales. El 23 de julio de 1998 el tribunal de instancia denegó la certifica-ción del pleito como de clase, resolución de la cual los de-mandantes acudieron én alzada al Tribunal de Apela-ciones. Dicho foro confirmó la determinación recurrida por entender que no se satisfacían los requisitos impuestos por la Regla 20.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Inconformes, los demandantes comparecieron ante este *526 Tribunal vía certiorari, recurso cuya expedición igual-mente denegamos.
El 15 de mayo de 2000 los mencionados demandantes presentaron una segunda demanda enmendada con el pro-pósito de añadir cuatrocientos cinco demandantes adicionales. Mediante Orden de 9 de diciembre de 2002, el tribunal de instancia autorizó la demanda enmendada presentada. El 5 de febrero de 2003 los demandantes pre-sentaron una tercera demanda enmendada con el propósito de incluir 257 demandantes.
Así las cosas, Motorola solicitó la desestimación de las acciones de noventa y cinco de los demandantes que se unieron al pleito mediante la segunda demanda enmen-dada, así como las reclamaciones de los 257 demandantes que solicitaron su inclusión en el pleito a través de la ter-cera demanda enmendada. Adujo que éstos habían solici-tado su inclusión al pleito transcurridos tres años desde finalizada su relación de empleo con Motorola, por lo cual sus reclamaciones estaban prescritas.
El 9 de diciembre de 2004 el Tribunal de Primera Ins-tancia acogió la moción de desestimación de Motorola y, en conformidad con la norma establecida en Rodríguez v. Syn-tex, 160 D.P.R. 364 (2003), determinó que el plazo prescrip-tivo para la presentación de la reclamación sobre salarios no fue interrumpido para aquellos demandantes que no fueron incluidos en la demanda original. Como resultado de ello, dictó sentencia parcial desestimatoria de las recla-maciones de ochenta y siete de los demandantes que fue-ron incluidos a través de la segunda demanda enmendada, debido a que éstos cesaron sus labores con Motorola entre los años 1993 y 1997”. Sobre el particular, el foro de ins-tancia indicó que había transcurrido el término de tres años que provee la Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad de Puerto Rico, Ley Núm. 180 de 27 de julio de 1998 (Ley 180), 29 L.P.R.A. see. 250 et seq., para la presentación de una reclamación de salarios, el *527 cual comenzó a transcurrir desde el cese de sus empleos con Motorola. Además, denegó la tercera solicitud para en-mendar la demanda tras concluir que las reclamaciones de esos 257 demandantes también estaban prescritas porque se presentaron transcurrido el término de tres años antes expresado. Inconformes con tal determinación, los referi-dos demandantes recurrieron al Tribunal de Apelaciones.
Tras varios trámites procesales, el foro apelativo inter-medio emitió la sentencia que motiva el presente recurso. En la misma concluyó que, tanto la presentación de la de-manda el 11 de febrero de 1998 como la denegatoria de la certificación del pleito de clase de 23 de julio de 1998, in-terrumpieron el término prescriptivo de tres años para la presentación de reclamaciones al amparo de la Ley de Sa-lario Mínimo, Ley Núm. 96 de 26 de junio de 1956 (Ley 96), 29 L.P.R.A. see. 211 et seq.(2) Dicho foro enfatizó que la Ley 96 se podía aplicar al caso, ya que la demanda fue presen-tada el 11 de febrero de 1998, cinco meses antes de la apro-bación de la Ley 180. En vista de ello, confirmó la desesti-mación de las reclamaciones de los 257 demandantes de la tercera demanda enmendada porque ésta se presentó transcurridos casi cinco años desde la denegatoria de la certificación de clase. Por otro lado, modificó la sentencia de instancia a los efectos de “reestablecer las causas de acción de los 87 apelantes que entraron al pleito mediante la segunda enmienda de 15 de mayo de 2000, sujeto este dictamen a una evaluación individual de las fechas en que cada uno terminó su empleo con Motorola”. (Enfasis suplido.) Apéndice de la Petición de certiorari, pág. 602. El tribunal de apelaciones, por último, indicó que “[só]lo los que cesaron sus labores en o después de 11 de febrero de 1995 p [odian] continuar con su causa de acción. Los que cesaron antes de esa fecha ya no tenían una causa de ac- *528 ción viva, porque había prescrito, a tenor de la Ley 96”. Apéndice de la Petición de certiorari, pág. 603.
El 12 de junio de 2006 Motorola acudió ante este Tribunal en revisión de la mencionada sentencia —vía certiora-ri— planteando, en síntesis, que erró el Tribunal de Apela-ciones al resolver “que una acción al amparo de la legislación laboral puede ser tramitada conjuntamente como un pleito de clase y una acción representativa” y al concluir “que una acción al amparo de la legislación labo-ral, tramitada conjuntamente como un pleito de clase y una acción representativa, paraliza los términos prescrip-tivos para aquellos que no se han unido al pleito”. Petición de certiorari, pág. 5.
En la misma fecha la parte demandante, igualmente, presentó ante este Tribunal un recurso de certiorari, en el cual nos solicitan que reevaluemos la norma establecida en Rodríguez v. Syntex, ante. Arguyen que, contrario a lo allí resuelto, un pleito representativo al amparo del antes ci-tado Art. 13 de la Ley 379 debe interrumpir el término prescriptivo para otros reclamantes potenciales que sean miembros de la clase hasta tanto el tribunal desestime la acción inicial o fije una fecha límite para la acumulación de demandantes adicionales. Además, plantea que la inter-vención de los demandantes adicionales se retrotrae a la fecha de la presentación de la demanda original, según se establece en la Regla 13 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Por esto sostiene que erró el Tribunal de Apelaciones al confirmar la denegatoria de la solicitud de la tercera demanda enmendada y al ordenar la “reincorpo-ración” de los ochenta y siete demandantes cuando éstos eran codemandantes en la demanda original cuya partici-pación fue omitida, por error, de los anejos de la segunda demanda enmendada.
El 27 de junio de 2006 Motorola solicitó la consolidación de los recursos porque en ambos se solicita la revisión de la misma sentencia, aunque por fundamentos distintos. Así *529 lo decretamos. Decidimos expedir. Estando en condiciones de resolver, procedemos a así hacerlo.
I
A. La Sec. 16 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico establece expresamente el derecho de todo trabajador “a escoger libremente su ocupación y a renunciar a ella, a recibir igual paga por igual trabajo, a un salario mínimo razonable, a protección contra riesgos para su salud o integridad personal en su trabajo o empleo, y a una jornada ordinaria que no exceda de ocho horas de trabajo”. Const. E.L.A., L.P.R.A., Tomo 1, ed. 1999, pág. 352. Sobre esto último, en la Asamblea Constituyente se enfatizó que “[s]ólo podrá trabajarse en exceso de este límite diario, mediante compensación extraordinaria que nunca será menor de una vez y media el tipo de salario ordinario, según se disponga por ley”. íd.
La antigua Ley 96, la cual incorporaba todo lo antes expuesto y, por ende, regulaba todo lo relacionado al salario mínimo en nuestra jurisdicción, fue derogada en 1998 mediante la aprobación de la Ley 180. La nueva ley tuvo el efecto de atemperar las disposiciones contenidas en la antigua Ley de Salario Mínimo con la Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C.A. sec. 201 et seq., y, además, uniformar todo lo relacionado con las licencias por enfermedad y vacaciones. González v. Merck, 166 D.P.R. 659 (2006).
El Art. 12(e) de la Ley 180 (29 L.P.R.A. sec. 250j) esta-blece que lo dispuesto en la referida sección no afectará los casos que se hayan presentado en los tribunales o dentro de un año después de entrar en vigor la Ley 180. En Gon-zález v. Merck, ante, resolvimos que tal disposición se re-fiere a un término de vigencia diferido que tiene el efecto de posponer por un año la vigencia de. dicha sección. Por lo tanto, las disposiciones de la Ley 96 aplican a todas las *530 acciones sobre salario presentadas en o antes del 27 de julio de 1999. Ello acarrea unas diferencias marcadas en la tramitación de un pleito de esta naturaleza, ya que la Ley 180 alteró sustancialmente nuestro ordenamiento jurídico en lo relacionado con las acciones de reclamación de salarios.
En particular, la See. 32 de la extinta Ley 96 disponía que la acción en reclamación de salarios que pudiera tener un empleado contra su patrono prescribiría si transcurrían tres años desde que éste cesó en su empleo. El estatuto también señalaba que aquellos casos en los cuales “el empleado estuviere trabajando con el patrono, la reclamación solamente incluir[ía] los salarios a que tuviere derecho el empleado, por cualquier concepto, durante los últimos diez años anteriores a la fecha en que estableciere la acción judicial”. Mientras, “[e]n el caso de que el empleado hubiere cesado en su empleo con el patrono, la reclamación solamente incluir [ía] los últimos diez años anteriores a la fecha de la cesantía”. 1956 Leyes de Puerto Rico 623, 685.
No obstante, la Ley 180 tuvo el efecto de reducir de diez a tres años el periodo por el cual el empleado puede reclamar salarios.(3) Así, pues, actualmente, el empleado que estuviese trabajando con el patrono a la fecha de la presentación de la demanda sólo podrá reclamar los salarios correspondientes a los tres años anteriores a la fecha en que instó su acción. Igual norma aplica a aquellos que hubiesen cesado en su empleo con el patrono, pero en cuanto a los salarios a los cuales tenía derecho durante los tres años anteriores a la fecha de su cesantía. Claramente, ello limitó grandemente la cuantía de los salarios que un empleado puede reclamar.
B. La Asamblea Legislativa expresó en la Expo- *531 sición. de Motivos de la Ley 379 que perseguía proteger la salud, seguridad y vida de los trabajadores, limitando la jornada de trabajo a ocho horas diarias y proveyendo el pago de un tipo doble del salario para las horas trabajadas en exceso. Con relación a la tramitación de las reclamacio-nes por violaciones a las disposiciones de la referida Ley 379, el Art. 13 establece que todo empleado que reciba una compensación menor a la fijada por ley para las horas re-gulares y horas extras de trabajo, y para el periodo seña-lado para tomar los alimentos, tendrá derecho a recobrar de su patrono las cantidades no pagadas, más una suma igual en concepto de daños y perjuicios, además de las cos-tas, los gastos y los honorarios de abogado. La antes men-cionada disposición estatutaria establece, además, un me-canismo que ha sido denominado como “acción representativa”, al disponer que “[l]a reclamación judicial podrá establecerla uno o varios empleados por y a nombre suyo o de ellos y de otros empleados que estén en circuns-tancias similares ...”. 1948 Leyes de Puerto Rico 1263. Véase Rodríguez v. Syntex, ante.
La Regla 20.1 de Procedimiento Civil, ante, por su parte, establece que
[u]no o más miembros de una clase podrán demandar o ser demandados como representantes de todos los miembros de la clase solamente si: (1) la clase fuere tan numerosa que la acu-mulación de todos los miembros resultare impracticable; (2) existieren cuestiones de hecho o de derecho común a la clase; (3) las reclamaciones o defensas de los representantes fueren típicas de las reclamaciones o defensas de la clase; y (4) los representantes protegerían los intereses de la clase de manera justa y adecuada.
Por otro lado, la Regla 20.2 de Procedimiento Civil dis-pone que, además de los requisitos antes expuestos, un pleito sólo podrá sostenerse como de clase si:
(a) la tramitación de pleitos separados por o en contra de miembros individuales de la clase crearía un riesgo de[:]
*532 (1) [A]djudicaciones inconsistentes o variadas con res-pecto a miembros individuales de la clase, que establecerían normas de conducta incompatibles para la parte que se opone a la clase, o
(2) adjudicaciones con respecto a miembros individuales dé la clase, que para todos los fines prácticos dispondrían de los intereses de los otros miembros que no sean partes en las adjudicaciones o, empeorarían, o impediríán sustancialmente su habilidad para proteger sus intereses; o
(b) la parte que se opone a la clase ha actuado o ha rehu-sado actuar por razones aplicables a la clase en generál, en forma tal que resulte apropiado conceder finalmente un reme-dio mediante interdicto o sentencia declaratoria correspon-diente con respecto a la clase en general; o
(c) el tribunal determina que las cuestiones de hechos o de derecho comunes a los miembros de la clase predominan sobre cualesquiera cuestiones que afecten solamente a miembros in-dividuales, y que el pleito de clase es superior a otros métodos disponibles para la justa y eficiente adjudicación de la controversia. Los asuntos pertinentes para las determinacio-nes incluyen:
(í) El intérés de los miembros de la clase en controlar individualmente la tramitación o defensa de pleitos separa-dos;
(2) la naturaleza y alcance de cualquier litigio relativo a la controversia ya comenzado por o en contra de miembros de la clase;
(3) la deseabilidad de concentrar o no el trámite de las reclamaciones en el foro específico;
(4) las dificultades que probablemente surgirían en la tramitación de un pleito de clase.
Le corresponde, naturalmente, al tribunal determinar, mediante orden al efecto, si se tramita o no el pleito como de clase. Asimismo, en pleitos de clase tramitados según la Regla 20.2(c) de Procedimiento Civil, ante, el tribunal de-berá ejercer un esfuerzo razonable para notificar, incluso individualmente cuando sea posible, a aquellos miembros de la clase que puedan ser identificados. Dicha notificación tendrá el efecto de avisar a cada miembro que:
(1) el tribunal lo excluirá de la clase en una fecha especí-fica si él así lo solicita;
*533 (2) la sentencia, sea favorable o no, incluirá a todos los miembros que no soliciten la exclusión [,] y
(3) cualquier miembro que no solicite la exclusión podrá, si así lo desea, comparecer a través de su abogado. Regla 20.3(l)-(3) de Procedimiento Civil, 32 L.P.R.A. Ap. III.
En Caguas L.Y., Inc. v. Tribunal Superior, 96 D.P.R. 848 (1969), al comparar el mecanismo provisto en el antes citado Art. 13 de la Ley 379 con la citada Regla 20.1 de Procedimiento Civil,(4) concluimos que se trataba de procedimientos que se podían armonizar, ya que aunque ciertamente eran diferentes y tenían efectos distintos, tenían el mismo objetivo; esto es, promover la economía judicial cuando hay muchos individuos afectados por un mismo suceso o circunstancia, evitando la multiplicidad de litigios y las sentencias conflictivas. Véanse: Rodríguez v. Syntex, ante; Cuadrado Carrión v. Romero Barceló, 120 D.P.R. 434 (1988). En apoyo a tal determinación enfatizamos que, al interpretar la Sec. 16(b) de la FLSA —disposición que instauró en el ámbito federál un mecanismo equivalente a la acción representativa del Art. 13 de la Ley 379— “el peso de las autoridades [federales] sostuvieron] que el pleito de clase creado por dicha disposición e[ra] de la misma naturaleza que el creado en la Regla Federal de Procedimiento Civil 23(a)”.(5) Caguas L.Y., Inc. v. Tribunal Superior, ante, *534 pág. 855. Ello resaltó la similitud entre los pleitos de clase conocidos como “espuria” y la acción representativa(6)
A su vez, hemos afirmado que los pleitos de clase permiten hacer justicia a personas agraviadas que no se sienten motivadas a litigar. Cuadrado Carrión v. Romero Barceló, ante. Esto aplica, más aún, en la acción representativa que surge en el contexto de las leyes laborales, con su histórico propósito de facilitar y no entorpecer los ya onerosos reclamos de los trabajadores a sus patronos.
Recientemente, y al interpretar nuevamente el alcance del antes citado Art. 13 de la Ley 379, destacamos que “la ‘acción de clase’ dispuesta en la Ley de Horas y Días de Trabajo no es una ‘verdadera acción de clase’, según la de-finen las Reglas de Procedimiento Civil vigentes, sino una acción representativa, de acumulación permisible de par-tes, con distintos requisitos y distintos efectos”. Rodríguez v. Syntex, ante, págs. 390-391. Por lo tanto, a pesar de que ambas acciones, es decir, la acción representativa y la ac-ción de clase, requieren que exista una cuestión de hecho o de derecho común a la clase, difieren en otros aspectos.
En la acción representativa de acumulación permisible de partes, los empleados que quieran unirse al pleito pueden hacerlo o, en la alternativa, pueden presentar una acción independiente, ya que “su derecho a reclamar no quedará perjudicado por la decisión que recaiga en su día en el caso”. Rodríguez v. Syntex, ante, pág. 391. Como consecuencia de ello, los empleados que presenten la reclamación sobre salarios al amparo del Art. 13 de la Ley 379, ante, no tienen que cumplir con el requisito de nume- *535 rosidad que exigen los pleitos de clase. Tampoco tienen la obligación de representar adecuadamente los intereses de todos los empleados que estén en circunstancias similares.
Sin embargo, la Regla 20 de Procedimiento Civil, ante, no exige que las cuestiones de hecho o de derecho surjan del mismo acto, omisión o evento. Cuadrado Carrion v. Romero Barceló, ante. Para obtener la certificación de un pleito de clase de acuerdo con esta Regla 20 se exige, entre otros, que la clase sea tan numerosa que la acumulación de todos los miembros resulta imposible y que los representantes de la clase puedan proteger los intereses de los demás miembros justa y adecuadamente. Cuadrado Carrión v. Romero Barceló, ante. Luego de que una clase es debidamente certificada —distinto a lo que ocurre bajo el mecanismo del Art. 13 de la Ley 379— la sentencia que recaiga en el caso afectará a todos los que pertenecen a ésta, salvo aquellos que soliciten ser excluidos, mecanismo conocido como el “opt-out”. Rodríguez v. Syntex, ante. Dicho de otra manera, los requisitos bajo el Art. 13 de la Ley 379 no son tan rigurosos como los de un pleito de clase según las Reglas de Procedimiento Civil.
Otra diferencia entre los mecanismos provistos por el Art. 13 y la Regla 20 de Procedimiento Civil, ante, es que, en conformidad con lo resuelto en Rodríguez v. Syntex, ante, los términos prescriptivos establecidos para la presentación de una reclamación de salarios no se interrumpen con la presentación de una acción representativa según el Art. 13 déla Ley 379. Allí, entonces, concluimos que “los términos prescriptivos para aquellos trabajadores que optaron por no incluirse a la demanda continúan transcurriendo”. (Enfasis suprimido.) Rodríguez v. Syntex, ante, pág. 391.
Distinto a lo antes expresado, un caso presentado como pleito de clase al amparo de las disposiciones de las Reglas de Procedimiento Civil interrumpe automáticamente el tér-mino prescriptivo de la acción en cuestión, tanto para los *536 demandantes como para todos aquellos demandantes po-tenciales que son miembros de la clase, incluso a aquellos que desconocían sobre los procedimientos. Además, hemos enfatizado que “la presentación de un pleito de clase, cuya certificación es posteriormente denegada, interrumpe el pe-ríodo prescriptivo para los litigantes individuales, poten-ciales miembros de la clase denegada”. (Enfasis suprimido.) González v. Merk, ante, pág. 684. Para efectos de reclamaciones individuales, el periodo prescriptivo co-menzará a correr, nuevamente, desde la fecha en que se denegó la certiñcación. González v. Merck, ante; Rivera Castillo, v. Mun. de San Juan, 130 D.P.R. 683 (1992). Así, cualquier individuo podrá presentar una acción indepen-diente dentro del periodo prescriptivo de la ley en cuestión, que se contará desde la fecha de la denegatoria de la certi-ficación de clase.
C. La prescripción es una institución de derecho sustantivo regida por las disposiciones de nuestro Código Civil. El Art. 1861 del Código Civil, 31 L.P.R.A. see. 5291, establece que “[l]as acciones prescriben por el mero lapso dél tiempo fijado por la ley”. El propósito de dicha figura es “evitar la incertidumbre de las relaciones jurídicas y castigar la inacción en el ejercicio de los derechos, ya que el transcurso del período de tiempo establecido por ley, sin que el titular del derécho lo reclame, da lugar a una presunción legal de abandono”. González v. Wal-Mart, Inc., 147 D.P.R. 215, 216 (1998). La prescripción extintiva evita las consecuencias que genera la resucitación de reclamaciones viejas como la pérdida de evidencia, la pérdida de testigos o dificultad para contactarlos y la memoria imprecisa. Culebra Enterprises Corp. v. E.L.A., 127 D.P.R. 943, 950 (1991). En particular, constituye una de las formas en que se extinguen las obligaciones, debido a la inacción de la parte afectada en el ejercicio de sus derechos. Galib Frangie v. El Vocero de P.R., 138 D.P.R. 560, 574 (1995).
*537 Dicha institución persigue conceder a la parte afectada . un periodo de tiempo razonable para ejercer sus derechos y, a la vez, proteger a la parte demandada de estar sujeta a una posible reclamación de forma indefinida. Rivera Castillo v. Mun. de San Juan, ante. Al evaluar según nuestro ordenamiento civil cuándo debe interrumpirse un periodo prescriptivo, estos intereses deben ser considerados. íd.
Una vez el término prescriptivo en cuestión se interrumpe, comenzará a transcurrir nuevamente desde el momento en que se produce el acto interruptor. Sánchez v. Aut. de los Puertos, 153 D.P.R. 559 (2001). El Art. 1873 del Código Civil, 31 L.P.R.A. see. 5303, establece que “[l]a prescripción de las acciones se interrumpe por su ejercicio ante los tribunales ...”. Ello constituye una “manifestación inequívoca” del que posee el derecho y opta por ejercerlo, eliminando así la incertidumbre en las relaciones jurídicas. Sánchez v. Aut. de los Puertos, ante, págs. 567-568. Lo importante al considerar cuándo se interrumpe un término prescriptivo es que la parte demandada quede adecuadamente avisada de la existencia de una reclamación y de la persona o grupo de personas que la comparten.
D. La Regla 13.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone los supuestos bajo los cuales se debe retrotraer una alegación enmendada a la original. Ello es posible siempre que la reclamación o defensa ex-puesta en la alegación enmendada surja de la conducta, del acto, de la omisión o del evento expuesto en la alegación original.
Sin embargo, y como regla general, si con la enmienda se intenta añadir un nuevo demandante o demandado, el momento que determina el término prescriptivo es cuándo se incluye el nuevo demandante o demandado por primera vez en la demanda, con excepción de lo dispuesto por las Reglas 15.1,15.4 y 13.3 de Procedimiento Civil, 32 L.P.R.A. *538 Ap. III,(7) y la situación en que haya solidaridad entre el demandante o demandado ya incluido en la demanda y el nuevo. Ortiz Díaz v. R. & R. Motors Sales Corp., 131 D.P.R. 829, 837-838 (1992).
En lo pertinente, la segunda oración de la citada Regla 13.3 establece que una enmienda para sustituir a la parte contra la cual se reclama se retrotraerá a la fecha de la alegación original si: (1) la reclamación o defensa ex-puesta en la alegación enmendada surge de la conducta, acto, omisión o evento expuesto en la alegación original; (2) si dentro del término prescriptivo, la parte que se trae mediante enmienda tuvo conocimiento de la causa de acción pendiente, de tal suerte que no resulta impedido de defenderse en los méritos, y (3) si de no haber sido por un error en cuanto a la identidad del verdadero responsable, la acción se hubiera instituido originalmente en su contra.
Surge de la interpretación jurisprudencial sobre el al-cance de la Regla 15(c) de Procedimiento Civil federal(8) de la cual proviene la Regla 13.3 local, que aun cuando la disposición versa sólo sobre enmiendas para acumular de-mandados, sus requisitos son relevantes, por analogía, para considerar enmiendas que acumulen demandantes. Fed. Rules of Civil Proc. 28 U.S.C. Véanse: Cliff v. Payco General American Credits, Inc., 363 F.3d 1113, 1133 (11mo Cir. 2004); SMS Financial, Ltd. Liability v. ABCO Homes, Inc., 167 F.3d 235, 244-245 (5to Cir. 1999); In re Integrated Resources Real Estate Sec. Lit., 815 F. Supp. 620, 642 (S.D. N.Y. 1993). Por otro lado, a pesar de que la aludida regla se refiere a “sustituir a la parte,” ha sido interpretada como *539 que pueden acumularse partes nuevas. Andujar v. Rogoswski, 113 F.R.D. 159 (S.D. N.Y. 1986).
Por consiguiente, para que una enmienda que añada a un demandante se retrotraiga al momento de la demanda original, y que a éste no le afecte el término prescriptivo, la alegación enmendada debe cumplir con varios requisitos establecidos en la citada Regla 13.3, según interpretados por la jurisprudencia que discutiremos a continuación. En primer lugar, la alegación enmendada tiene que exponer una reclamación que surja de la misma conducta, acto, omisión o evento que la acción original. Además, y como punto crucial, el demandado debe haber tenido conocimiento, dentro del término prescriptivo, de la existencia de la causa de acción de los reclamantes que se quieren acumular como demandantes y de su participación en la acción original. Page v. Pension Benefit Corp., 130 F.R.D. 510 (1990); J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. J.T.S., 2000, T. I, pág. 327. La notificación debe ser tal que el demandado no sufra un perjuicio por el cual no pueda sostener sus defensas en los méritos. 3 Moore’s Federal Practice pág. 15-91 (2007); 131 Main Street Associates v. Manko, 897 F. Supp. 1507, 1521 (S.D.N.Y.1995).
Para determinar la existencia de tal conocimiento, en algunas instancias se ha considerado que el demandante original y el nuevo reclamante formen una identidad de intereses fuerte, al punto que la reclamación de uno exponga efectivamente la del otro. íd.(9) También, se ha permitido una forma de notificación informal. Andujar v. Rogowski, ante; Wine v. EMSA Ltd. P’ship, 167 F.R.D. 34, 37-38 (E.D. Pa. 1996). Ésta exige que el conocimiento del demandado no sea de una mera causa de acción potencial, *540 sino que de la faz de la demanda se revele la existencia de nuevos reclamantes y, a su vez, que se pueda inferir de algún acto o actuación de los demandantes o del deman-dado que, de hecho, existen nuevos reclamantes involucra-dos en lá acción. Id. Sin embargo, en algunas ocasiones se ha permitido que la notificación se haga fuera del pleito inicial. Id.
II
El asunto que hoy nos concierne se relaciona con si el término prescriptivo de tres años, que dispone la antes ci-tada Ley 96 para la reclamación de salarios, se interrumpe mediante la presentación de una demanda al amparo de dicha ley en conjunto con los remedios provistos por la Re-gla 20 de Procedimiento Civil y el Art. 13 de la Ley 379, ante. Respondemos afirmativamente. Veamos.
A. En primer término, los demandantes nos solicitan que reevaluemos la norma establecida en Rodríguez v. Syntex, ante. Aducen que la presentación de una acción en cobro de salarios a amparo del citado Art. 13 debe tener un efecto interruptor sobre el término prescriptivo que bene-ficie a todos los empleados situados similarmente. Asi-mismo, arguyen que las enmiendas a la demanda, basadas en la conducta o en los eventos que motivaron la demanda original, se retrotraen a la fecha de ésta.
Por otro lado, cuestionan la razonabilidad de las diferencias trazadas en Rodríguez v. Syntex, ante, entre el Art. 13 y la Regla 20 de Procedimiento Civil, ante. Apuntan que nuestro enfoque y análisis fue errado, ya que allí la única controversia trataba sobre el posible efecto interruptor del Art. 13, mas no si dicho mecanismo era equivalente a la Regla 20 de Procedimiento Civil. De otra parte, sostienen que, menos aún, nos correspondía determinar en Rodríguez v. Syntex, ante, si la Regla 20 de Procedimiento Civil era un mecanismo apropiado para la tramitación de pleitos *541 sobre reclamaciones de salarios, ya que el pleito en dicho caso no fue tramitado a amparo de dicha disposición, sino exclusivamente según el Art. 13.
Por su parte, Motorola arguye que la norma establecida en Rodríguez v. Syntex, ante—decisión que, enfatiza, cons-tituye un claro precedente— nos vincula a los efectos de que la acción representativa, según el Art. 13, no inte-rrumpe el término prescriptivo para presentar una recla-mación sobre salarios. Señala que allí también concluimos que las reclamaciones laborales no son susceptibles de ser tramitadas como pleitos de clase.
A juicio de Motorola, las reclamaciones laborales tam-poco pueden ser tramitadas conjuntamente como una ac-ción representativa y un pleito de .clase, pleito de natura-leza “híbrida”. En apoyo a tal argumento, apunta que las cortes federales han adoptado una postura similar. Señala que éstas han resaltado la incompatibilidad de la See. 16(b) de la FLSA, 29 U.S.C.A. sec. 216(b) —disposición que advino efectiva el 25 de junio de 1938 y es de similar es-tirpe al citado Art. 13— y la Regla 23 de Procedimiento Civil federal, 28 U.S.C.A., la cual es equivalente a la Regla 20 de Procedimiento Civil nuestra. Continúa argumen-tando Motorola que, del mismo modo, los foros federales han recalcado que la ácción representativa que dispone la Sec. 16(b) de la FSLA no beneficia a aquellos que no son parte del pleito. Por último, indica que, para resolver la controversia de autos, es irrelevante si en Rodríguez v. Syntex, ante, los demandantes desistieron de la tramita-ción del pleito como de clase, ya que las reclamaciones la-borales no son susceptibles de ser tramitadas como tales.
En oposición a lo anterior, los demandantes argumen-tan que la jurisprudencia federal a la cual alude Motorola, y citada en Rodríguez v. Syntex, ante, no aplica al interpretar el Art. 13 de la Ley 379, ante, por ser, en esencia, interpretativa del Portal to Portal Act de 1947. Apunta que dicha legislación, que no fue adoptada en nuestro ordena- *542 miento, introdujo enmiendas que alteraron la naturaleza de la Sec. 16(b) de la FLSA, y la diferencian del Art. 13.
Asimismo, los demandantes indican que varias cortes federales han determinado que al tramitarse una acción representativa, el tribunal debe fijar un término razonable para que los empleados se añadan al pleito; así, los tribu-nales se aseguran de que no se dilate el descubrimiento de prueba y la celebración del juicio a causa de acumulaciones de demandantes en las etapas finales del procedimiento. Transcurrido dicho término, comenzaría a transcurrir nuevamente el término prescriptivo para aquellos emplea-dos que no solicitaran su inclusión al pleito e interesaran presentar pleitos independientes. Argumentan, en conse-cuencia, que hasta que el tribunal de instancia no fije en el presente caso una fecha límite para la acumulación de de-mandantes adicionales y no haya vencido la misma, no co-menzará a transcurrir otra vez el término prescriptivo de tres años que dispone la Ley 96. Como consecuencia, sos-tienen que no procedía la desestimación de la tercera de-manda enmendada bajo el fundamento de que las reclama-ciones allí expuestas estaban prescritas.
En vista de que las controversias relacionadas con el asunto que hoy nos concierne han sido recurrentes, existen razones de peso que ameritan que aclaremos el derecho vi-gente y establezcamos la norma a seguir.
B. La demanda sobre reclamación de salarios que mo-tiva el recurso de epígrafe se presentó, según el Art. 13 de la Ley 379, ante, y la citada Regla 20 de Procedimiento Civil. El Tribunal de Primera Instancia, posteriormente, denegó la certificación de clase. Por consiguiente, nos compete aclarar cuál es el efecto, si alguno, sobre el término prescriptivo para entablar una reclamación de salarios cuando ésta se presenta de acuerdo con el Art. 13 y con la Regla 20 de Procedimiento Civil.
En Rodríguez v. Syntex, ante, los demandantes presen-taron una reclamación sobre salarios al amparo de la Ley *543 96, el Art. 13 y la Regla 20. Tras varios trámites procesales, el Tribunal de Primera Instancia paralizó el descubri-miento de prueba hasta que “se dilucidara lo relativo a la certificación del pleito como uno de clase”. íd., pág. 397. El 7 de diciembre de 1998 los demandantes desistieron de li-tigar como una clase. Emitida una sentencia en su contra, los demandantes acudieron a este Tribunal y plantearon, entre otros asuntos, que la presentación de una reclama-ción laboral según el Art. 13 interrumpía el término pres-criptivo de las causas de acción de otros trabajadores que se unieran con posterioridad al pleito mediante enmiendas a la demanda.
Luego de un análisis comparativo entre dicho estatuto y la Regla 20 de Procedimiento Civil, ante, resolvimos —por voz del ex Juez Asociado Señor Corrada del Río— en la negativa. También, indicamos que las reclamaciones pre-sentadas al amparo de una legislación laboral no se podían tramitar como pleitos de clase debido a que cada empleado tiene un registro de trabajo particular, trabajó un número distinto de horas, recibió y devengó salarios y beneficios diferentes. De otra parte, concluimos que la presentación de una demanda no brindaría una notificación adecuada sobre las posibles reclamaciones de otros empleados contra el mismo patrono, en contravención a los principios que nutren la doctrina de prescripción extintiva. A tales efec-tos, destacamos que lo resuelto en Rivera Castillo v. Mun. de San Juan, ante, relativo al efecto interruptor de la pre-sentación de un pleito de clase, aun ante su posterior de-negatoria como tal, no aplicaba a los hechos del caso por tratarse de una reclamación laboral.
Posteriormente, en González v. Merck, ante, resolvimos que una reclamación laboral presentada al amparo de la Ley 180 y la Regla 20 de Procedimiento Civil(10) —aun *544 cuando posteriormente el tribunal de instancia deniegue la certificación de clase— interrumpe el término prescriptivo en beneficio de otros demandantes, posibles miembros de la clase que presenten una reclamación independiente. Los hechos del caso se originaron con la presentación de una demanda sobre salarios por empleados y ex empleados de Merck, quienes también solicitaron que se certificara el pleito como de clase, solicitud que fue denegada por el tribunal de instancia. Casi un año después de dicha denega-toria, ochenta y seis empleados y ex empleados de Merck presentaron una nueva demanda sobre salarios al amparo de la Ley 96.
Luego de varios trámites procesales, resolvimos, en lo pertinente, que la presentación de la demanda inicial al amparo de la Regla 20 de Procedimiento Civil, ante, así como la denegatoria de la certificación del pleito de clase, benefició a los demandantes que instaron el pleito posterior en cuanto al aspecto de la prescripción. Así, reiteramos la norma establecida en Rivera Castillo v. Mun. de San Juan, ante, a los efectos de que el periodo prescriptivo comienza a transcurrir nuevamente desde la fecha de la de-negatoria de la certificación de clase.
Ahora bien, es necesario señalar que en Rodríguez v. Syntex, ante, realmente resultaba innecesaria cualquier discusión acerca de la aplicabilidad de la Regla 20 de Pro-cedimiento Civil, ante, a las reclamaciones laborales, en vista de que en momento alguno se alude a la misma y los demandantes desistieron de “litigar como una clase” en una etapa temprana del pleito. Así, la única controversia planteada en dicho caso versaba sobre la presentación de *545 una acción representativa según el Art. 13 de la Ley 379, ante, y si ésta interrumpía los términos prescriptivos para aquellos empleados que optaron por no incluirse en la demanda. Por todo esto, lo allí resuelto relativo a la Regla 20 de Procedimiento Civil no pasa de ser un “dictum”.
En conformidad con lo anterior, resulta claro que en Ro-dríguez v. Syntex, ante, según señala el Tribunal de Apela-ciones, la única fuente legal de la acción fue la Ley 379. Por el contrario, en González v. Merck, ante, resolvimos que las reclamaciones laborales no estaban prescritas debido a la previa presentación de un pleito de clase por empleados y ex empleados de Merck y cuya certificación fue denegada posteriormente, interrumpiendo el plazo en beneficio de otros miembros potenciales de la clase.
C. Al árgumentar sus respectivas posiciones, ambas partes aluden a la jurisprudencia federal relativa a la FLSA;
En Rivera Castillo v. Mun. de San Juan, ante, pág. 693, al destacar que la Regla 20 de Procedimiento Civil, ante, proviene de su contraparte federal, reconocimos que “[d] ebido a la correlación entre la regla federal y la nuestra, en términos de su desarrollo, y particularmente su contenido, la jurisprudencia interpretativa de ésta resulta altamente persuasiva”. No obstante, si bien es cierto que hemos reconocido el valor persuasivo de la jurisprudencia interpretativa de un estatuto foráneo, adoptado en parte o en su totalidad en nuestra jurisdicción, siempre es necesario tomar en cuenta —de manera principal— los principios que rigen nuestro ordenamiento jurídico. Véanse: P.R. Fuels, Inc. v. Empire Gas Co., Inc., 149 D.P.R. 691 (1999); Peña Clos v. Cartagena Ortiz, 114 D.P.R. 576 (1983); Pueblo v. Matos, 83 D.P.R. 335 (1961). Así, pues, no podemos adoptar á ciegas la normativa patrocinada por las cortes federales sin un análisis de su aplicabilidad a nivel local.
*546 La citada Sec. 16(b), contraparte federal del Art. 13 de la Ley 379, ante, establece el mecanismo apropiado así como los remedios disponibles para los empleados cuando su patrono viola las disposiciones de la FLSA relativas al salario mínimo y a las horas de trabajo. Del mismo modo que el Art. 13, autoriza la presentación de la reclamación:
... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. 29 U.S.C.A. sec. 216(b).
Indudablemente, en sus inicios, la Sec. 16(b) de la FLSA era equivalente al Art. 13. Incluso, así lo reconocimos en Caguas L.Y., Inc. v. Tribunal Superior, ante. Sin embargo, la aprobación posterior del Portal to Portal Act introdujo unas enmiendas que alteraron sustancialmente su contenido. Entre las enmiendas, cuya aplicación sólo se ex-tiende a aquellas reclamaciones sobre salarios presentadas con posterioridad a su aprobación en 1947, se dispuso:
No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. (Énfasis suplido.)
Desde entonces, la disposición federal adquirió un ca-rácter distinto a la nuestra, ya que el Art. 13 de la Ley 379, ante, no exige el consentimiento escrito de los empleados demandantes como requisito para formar parte del pleito. Tampoco exige que dicho consentimiento se presente ante el tribunal en el cual se ventila el pleito. Como consecuen-cia de ello, únicamente la jurisprudencia que interpreta la Sec. 16(b) federal, relativa a reclamaciones iniciadas con anterioridad a la implementación de las enmiendas del “Portal to Portal Act”, nos sirven de norte y, por analogía, son de gran valor persuasivo al evaluar el alcance y los efectos de las reclamaciones presentadas según el Art. 13, aunque, aun así, no son de carácter obligatorio.
*547 Las cortes federales han hecho distintas interpretacio-nes de la acción representativa instaurada de acuerdo con la Sec. 16(b) de la FLSA. Antes de la aprobación del Portal to Portal Act, algunas cortes federales determinaron que la acción representativa según la Sec. 16(b) interrumpía el término prescriptivo para aquellos empleados en circuns-tancias similares (similarly situated) que solicitaran su in-clusión al pleito con posterioridad a la demanda inicial. Igualmente, la inclusión de demandantes en etapas poste-riores del pleito se retrotraía a la fecha de la reclamación inicial. Véanse: Kam Koon Wan v. E.E. Black, Limited, 75 F. Supp. 553 (D. Hawaii 1948); Wright v. United States Rubber Co., 69 F. Supp. 621 (D. Iowa 1946); Pentland v. Dravo Corporation, 152 F.2d 851 (3er Cir. 1945); Culver v. Bell & Loffland, 146 F.2d 29 (9no Cir. 1944).
Aun cuando existían interpretaciones variadas acerca de las similitudes entre las acciones representativas y los pleitos de clase según la Regla 23 de Procedimiento Civil federal, ante, había consenso en que, distinto a lo ocurrido en los pleitos de clase, cualquier determinación que reca-yera en un pleito iniciado como urna acción representativa sólo afectaría a aquellos empleados que se incluyeron en el mismo. Véanse: Kam Koon Wan v. E.E. Black, Limited, ante; Wright v. United States Rubber Co., ante; Pentland v. Dravo Corporation, ante; Culver v. Bell & Loffland, ante.
Al interpretar el alcance de la Sec. 16(b) de la FLSA, los tribunales aludieron a su naturaleza remedial y la inter-pretación flexible y liberal que debe otorgársele a disposi-ciones de esa índole, norma que también rige en nuestro ordenamiento. Torres v. Mun. de Coamo, 170 D.P.R. 541 (2007). En Shain v. Armour & Co., 40 F. Supp. 488, 490 (D. Ky. 1941), al expresarse sobre la naturaleza de la See. 16(b), el Tribunal de Distrito de Kentucky destacó:
The evident purpose of the Act is to provide [a] law suit in which the claims of different employees, different in amount but all arising out of the same character of employment, can be *548 presented and adjudicated, regardless of the fact that they are separate and independent of each other. (Énfasis suplido.)
De modo que sólo es preciso demostrar que los demandantes están en circunstancias similares (similarly situated), y no es necesario que sus reclamaciones y los remedios solicitados sean idénticos. Melendez Cintron v. Hershey Puerto Rico, Inc., 363 F. Supp.2d 10 (D. P.R. 2005); Shain v. Armour & Co., ante; Kam Koon Wan v. E.E. Black, Limited, ante; Wright v. United States Rubber Co., ante; Culver v. Bell & Loffland, ante.
No obstante, tras la aprobación del Portal to Portal Act, la gran mayoría de las cortes federales han concluido que el término prescriptivo no se interrumpe en beneficio de aquellos empleados que no consienten por escrito a su in-clusión en un pleito al amparo de la Sec. 16(b) de la FLSA. Véase King v. Carey, 405 F. Supp. 41 (D. N.Y. 1975).
Del mismo modo, se ha sostenido, a grandes rasgos, que de acuerdo con la FLSA y disposiciones de estirpe similar, las reclamaciones sobre salarios no se pueden tramitar como pleitos de clase según la Regla 23 de Procedimiento Civil federal, ya que la Sec. 16(b) de la FLSA ahora re-quiere el consentimiento escrito de los demandantes, denominado “opt in”, para que puedan ser parte en el pleito. Villatoro v. Kim Son Restaurant, L.P., 286 F. Supp. 2d 807 (D. Tx. 2003); Perella v. Colonial Transit, 148 F.R.D. 147 (D. Pa. 1991); Kinney Shoe Corp. v. Vorhes, 564 F.2d 859 (9no Cir. 1977); Lombardi v. Altemose, 69 F.R.D. 410 (D. Pa. 1975); Sims v. Parke Davis & Co., 334 F. Supp. 774 (D. Mi. 1971); LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286 (5to Cir. 1975).
Por el contrario, se ha resuelto que según la Regla 23 de Procedimiento Civil federal, los miembros de la clase que no quieran participar dél caso, y verse así afectados por la sentencia que recaiga en el futuro, deben expresar su inte-rés de ser excluidos. Esto se conoce como “opt out”. Villatoro v. Kim Son Restaurant, L.P., ante; Perella v. Colonial *549 Transit, ante; Kinney Shoe Corp. v. Vorhes, ante; Lombardi v. Altemose, ante; Sims v. Parke Davis & Co., ante; LaChapelle v. Owens-Illinois, Inc., ante.
Ciertamente, la jurisprudencia relativa a reclamaciones presentadas según el Portal to Portal Act no aplica en nuestro ordenamiento, ya que el requerimiento del consentimiento escrito de los empleados demandantes distingue claramente a la Sec. 16(b) del mecanismo provisto en el Art. 13 de la Ley 379, ante. A su vez, según enfatizamos anteriormente, hemos establecido que el Art. 13 y la Regla 20 de Procedimiento Civil, ante, son compatibles. Véase Caguas L. Y., Inc. v. Tribunal Superior, ante.
D. Los reclamantes alegan que la intervención de los demandantes adicionales se retrotrae a la fecha de. la pre-sentación de la demanda original, esto por la Regla 13 de Procedimiento Civil, ante. Para determinar si la enmienda a la demanda para acumular demandantes nuevos se re-trotrae a la fecha de la alegación original, tenemos que analizar los hechos del presente caso según la normativa expuesta.
Por disponer de la controversia aquí planteada, exami-naremos si se cumple con el segundo criterio esbozado. Nos referimos a que el demandado tuviese conocimiento, den-tro del término prescriptivo, de la existencia de la causa de acción de los reclamantes que se quieren acumular como demandantes y de su participación en la acción original. Para tal determinación debemos evaluar, en primer tér-mino, si existe una identidad de intereses fuerte, al punto que la reclamación de uno efectivamente exponga la de otro. En el presente caso no existe tal relación, ello porque las reclamaciones de los diferentes empleados o ex emplea-dos no son tan similares, de modo que unas expongan las de otros.(11) Las defensas que tiene disponible Motorola *550 contra cada empleado en particular pueden variar, por lo que la demandada podría sufrir peijuicio si posterior al transcurso del término prescriptivo se acumulan nuevos demandantes. Por ejemplo, la evidencia que puede presen-tar la Compañía para defenderse del reclamo de cada em-pleado es diferente. En consecuencia, permitir lo que aquí se solicita exigiría a los demandados conservar la prueba de todas las posibles reclamaciones —que se hallen míni-mamente relacionadas— mientras esté vivo el pleito, por la mera posibilidad de urna demanda potencial; esto impide que la parte demandada aúne sus esfuerzos en defenderse de los reclamos reales.
Por otro lado, en este caso no hubo dentro del término prescriptivo una notificación a Motorola, judicial o extrajudicial, que revelara la existencia de nuevos reclamantes que pudiesen unirse al pleito. Tampoco surge del expediente que ocurriesen actos de los demandantes o del demandado que demuestren la participación de los nuevos reclamantes. Por no cumplirse la notificación requerida, en el presente caso las demandas enmendadas no se retrotraen a la original. Tenemos que ser comedidos al permitir este tipo de acumulación permisible. Ello atentaría contra la economía judicial, al permitir acumular nuevos demandantes durante todo el transcurso de un litigio. Además, crearía un desbalance entre los intereses perseguidos por la figura de la prescripción extintiva.
Al concluir que, en este caso, las alegaciones enmenda-das no se retrotraen a la demanda original, necesaria-mente debemos expresarnos sobre la ley aplicable a las diferentes causas de acción. Como expresáramos antes, y según este Tribunal resolvió en González v. Merck, ante, el Art. 12 de la Ley 180, que derogó la See. 32 de la Ley 96, entró en vigor el 28 de julio de 1999. Por lo tanto, a los reclamantes en la demanda original, presentada el 11 de febrero de 1998, y a los acumulados en la primera de- *551 manda enmendada, de 19 de julio de 1998, les aplica la Ley 96. Por otro lado, los demandantes acumulados mediante la segunda demanda enmendada presentada el 15 de mayo de 2000 se les resarcirá, si así procede, bajo la Ley 180.
E. A raíz de la norma establecida en Rivera Castillo v. Mun. de San Juan, ante, reafirmada en González v. Merck, ante, una reclamación laboral puede ser instada como pleito de clase e interrumpe el término prescriptivo. Esto es, no es correcto afirmar que las reclamaciones laborales no son susceptibles de instarse como pleito de clase. La determinación de si un caso cumple con los requisitos de la Regla 20 de Procedimiento Civil, ante, le corresponde al juzgador al evaluar las particularidades del caso. La materia sobre la que versa el litigio no es razón, por sí misma, para descartar dicho mecanismo procesal. Ello es acorde con los principios de economía judicial que permean nuestro ordenamiento y con el propósito de los pleitos de clase. Si luego de evaluado el caso de acuerdo con la Regla 20 se determina denegar la certificación del pleito como de clase, el término prescriptivo comienza a computarse de nuevo con respecto a las personas en su carácter individual.
Consideramos que resulta ilógico concluir que dicha norma no aplica meramente porque la acción también fue presentada al amparo del Art. 13 de la Ley 379, ante; máxime tomando en cuenta que “[e]n reiteradas ocasiones hemos expresado la regla de interpretación estatutaria aplicable a las leyes laborales, en cuanto a que deben interpretarse liberalmente, resolviéndose toda duda de la forma más favorable hacia el obrero, para así cumplir con sus propósitos eminentemente sociales y reparadores”. Torres Santiago v. Mun. de Coamo, ante, págs. 557-558.
Si bien el Art. 13 de la Ley 379, ante, se diferencia de la citada Regla 20 de Procedimiento Civil, en tanto no tiene los mismos requisitos y efectos, se han catalogado como *552 armonizables a raíz de su naturaleza similar. Es innecesa-rio evaluar si dicho artículo de ley es o no igual a la Regla 20 de Procedimiento Civil ya que, claramente, hemos rei-terado que no lo es. De ahí la existencia de dos estatutos independientes. No obstante, las mencionadas diferencias no tienen la consecuencia de que la presentación de la de-manda como acción representativa no tenga el efecto de interrumpir los términos prescriptivos para todo posible integrante de la clase trabajadora, como hemos resuelto respecto a los pleitos de clase según la Regla 20.
A pesar de las discrepancias entre ambas figuras, su propósito es facilitar la tramitación de pleitos en los cuales están involucrados demandantes numerosos y resultaría sumamente oneroso exigir que se efectuaran reclamaciones individuales. El hecho de que los empleados tengan historiales de trabajo distintos y tengan derecho a remedios variados no impide que “uno o varios empleados por y a nombre suyo o de ellos y de otros empleados que estén en circunstancias similares” presenten la demanda. A igual conclusión han llegado los foros federales, ya que el requisito esencial es la similitud en las circunstancias de los demandantes. Shain v. Armour & Co., anté; Kam Koon Wan v. E.E. Black, Limited, ante; Wright v. United States Rubber Co., ante; Culver v. Bell & Loffland, ante.
Al igual que un pleito de clase, la acción representativa de acuerdo con el Art. 13 de la Ley 379, ante, advierte al patrono sobre la reclamación de los empleados que forman parte de la demanda inicial, así como de aquellos empleados en circunstancias similares que pueden unirse al pleito posteriormente. Por consiguiente, cumple con los intereses perseguidos por la figura de la prescripción. El lenguaje del artículo, relativo a que los demandantes comparecen por sí y en representación de empleados en circunstancias similares, es sumamente claro y constituye, indudablemente, una advertencia al *553 patrono. (12) Como consecuencia, es irrazonable concluir que el Art. 13 no interrumpe el término prescriptivo para aque-llos que no se unieron a la reclamación inicial pero pudie-ran unirse al pleito con posterioridad. Claro está, los que así lo deseen pueden acumularse al pleito dentro del tér-mino prescriptivo porque, como podemos observar, la simi-litud entre las reclamaciones requerida por la Regla 20 de Procedimiento Civil, ante, y el Art. 13 para interrumpir el término prescriptivo es menor que la aproximación exigida por la citada Regla 13.3 de Procedimiento Civil para retro-traer las enmiendas a las alegaciones a la demanda original.
Una vez la reclamación inicial ha sido presentada al amparo del Art. 13 de la Ley 379, ante, el plazo prescriptivo comienza a transcurrir desde la fecha de su presentación. Aquellos a quienes les asiste el derecho de unirse al pleito deben hacerlo dentro del término de tres años desde la presentación de la demanda inicial o perderán su causa de acción. Claramente, el derecho que les asiste no puede tener vida eterna, ya que ello contravendría la doctrina de la prescripción extintiva. Del mismo modo, aquellos quienes deseen presentar acciones individuales pueden hacerlo, siempre que sean presentada dentro del plazo prescriptivo correspondiente.
La norma que hoy adoptamos es contraria a lo resuélto por este Tribunal en Rodríguez v. Syntex, ante. Existen importantes razones que ameritan que rectifiquemos lo decidido en aquella ocasión. Este Tribunal ha reconocido en el pasado que una decisión debe ser rectificada cuando sea manifiestamente errónea, por lo que no puede *554 “ ‘sostenerse sin violentar la razón y la justicia’ Capestany v. Capestany, 66 D.P.R. 764, 767 (1946). Por entender que la referida decisión fue producto de un razonamiento erróneo, resolvemos que las reclamaciones sobre salarios presentadas según el Art. 13 de la Ley 379, ante, y la Regla 20 de Procedimiento Civil, ante, por sí o en conjunto, inte-rrumpen el término prescriptivo fijado por ley.
Resulta forzoso concluir que en el presente caso el tér-mino prescriptivo de tres años que dispone la Ley 96 para la presentación de reclamaciones sobre salarios fue inte-rrumpido con la presentación de la demanda original bajo el Art. 13 de la Ley 379, ante, y la Regla 20. Así, pues, todos los empleados que solicitaron su inclusión en el pleito den-tro del término prescriptivo aplicable —que comenzó a transcurrir el 23 de julio de 1998— lo hicieron a tiempo y sus acciones no están prescritas. (13) Erró el tribunal de ins-tancia al desestimar dichas reclamaciones.
De otra parte, es preciso aclarar que la demanda pre-sentada el 11 de febrero de 1998 y la posterior denegatoria de la certificación de clase sólo interrumpieron el término prescriptivo de tres años que dispone la Ley 96 para aque-llos empleados que fueron despedidos por Motorola con posterioridad al 11 de febrero de 1995. Todos los empleados que cesaron su relación de empleo con Motorola antes del 11 de febrero de 1995 perdieron su derecho a instar recla-maciones al amparo de la Ley 96 o de la Ley 180 por haber transcurrido los tres años para ello. Por ende, a la fecha cuando se presentó la demanda el 11 de febrero de 1998, sus reclamaciones ya estaban prescritas. En consecuencia, y según correctamente señaló el Tribunal de Apelaciones, es necesario analizar individualmente la fecha cuando los ochenta y siete demandantes que fueron incluidos en la *555 segunda demanda cesaron en su trabajo con Motorola. Sólo procede la continuación de las acciones de aquellos que ha-yan terminado su relación laboral con Motorola después del 11 de febrero de 1995.
Por otra parte, la tercera demanda enmendada de 20 de febrero de 2003, mediante la cual se pretendió incluir 257 demandantes adicionales, fue presentada tardíamente ya que habían transcurrido más de tres años desde la presen-tación de la demanda y, por lo tanto, sus acciones estaban prescritas. Igualmente, había vencido el término para pre-sentar reclamaciones sobre salarios independientes porque habían transcurrido más de tres años desde la denegatoria de la certificación de clase. De modo que no erró el Tribunal de Primera Instancia al denegar la tercera enmienda a la demanda.
Las alegaciones formuladas por Arce Bucetta y los co-demandantes, relativos a la necesidad de fijar una fecha límite para la acumulación de demandantes, aluden a un requisito que, aunque alegan ha sido adoptado por algunas cortes federales, no obra en el texto de nuestro ordena-miento. Además, la imposición de una fecha límite presu-pone que los demandantes putativos sean debidamente no-tificados sobre la reclamación presentada(14) así como el periodo de tiempo disponible para unirse a ésta, requisitos que no incluye el Art. 13 de la Ley 379, ante.
Por otra parte, concluir que una reclamación al amparo del Art. 13 de la Ley 379, ante, interrumpe el término prescriptive, necesariamente implica que dicho plazo, en este caso el de tres años, comenzará a transcurrir nuevamente a partir del acto interruptor, a saber, la reclamación inicial. *556 La fijación de una fecha límite para la acumulación de de-mandantes derrotaría el propósito de la interrupción del término prescriptivo. Tal razonamiento sólo sería acertado si la presentación de la reclamación inicial no tuviese un efecto interruptor.
Por último, consideramos que los tres años, desde que fue instada la demanda según el Art. 13 de la Ley 379, ante, o desde la denegación de la certificación de clase, es tiempo suficiente para que los interesados se hubieran unido al pleito o hubieran presentado uno independiente. Resolver lo contrario afectaría el balance entre los intereses que persigue la prescripción, es decir, concederle a la parte afectada un término razonable para vindicar sus derechos, sin exponer a la parte demandada a estar infinitamente sujeta a una posible reclamación.
III
En mérito de todo lo antes expuesto, procede dictar Sen-tencia para confirmar la emitida por el Tribunal de Apela-ciones y devolver el caso al Tribunal de Primera Instancia para que, tras urna evaluación individual de las reclama-ciones de los ochenta y siete demandantes que fueron in-cluidos en la segunda demanda, se determine cuáles cau-sas de acción no habían prescrito a la fecha de la presentación de la demanda —el 11 de febrero de 1998— y se continúe con los procedimientos conforme a lo aquí expuesto.

Se dictará sentencia de conformidad.

El Juez Presidente Señor Hernández Denton emitió una opinión de conformidad. La Juez Asociada Señora Rodríguez Rodríguez concurrió con el resultado sin opinión escrita. El Juez Asociado Señor Rivera Pérez disintió sin opinión escrita.

 Dicho artículo fue enmendado y reenumerado como Art. 14 mediante la See. 3 de la Ley Núm. 83 de 20 de julio de 1995.

 La Ley Núm. 96 de 26 de junio de 1956 fue derogada por la Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad, Ley Núm. 180 de 27 de julio de 1998 (Ley 180), 29 L.P.R.A. see. 250 et seq.

 A través del Art. 12 de la Ley 180 (29 L.P.R.A. see. 250j) se instauró inicial-mente un término prescriptivo de dos años para la presentación de una reclamación de salarios. Sin embargo, dicho término fue restablecido a tres años mediante la Ley Núm. 80 de 21 de mayo de 2000.

 Anteriormente, la Regla 20.1 de Procedimiento Civil disponía:
“Si las personas que integran una clase fueren tan numerosas que la compare-cencia de todas ante el tribunal resultaría impracticable, aquellas o aquella cuya presencia asegure una adecuada representación de todas, podrán, en representación de todas, demandar o ser demandadas, cuando la naturaleza del derecho solicitado a favor o en contra de la case sea:
“(a) Mancomunado o subsidiario, en el sentido de que el que tenga el de-recho primario rehúsa hacerlo efectivo y un miembro de la clase, en su consecuencia, queda habilitado para ejercitarlo;
“(b) Solidario, y el objeto del pleito sea la adjudicación de reclamaciones que afecten o pudieren afectar una propiedad envuelta en el pleito; o
“(c) Solidario, y existe una cuestión común de hechos o de derecho que afecta los derechos solidarios y se solicita un remedio común.” 32 L.P.R.A. Ap. Ill (ed. 1969).

 Actualmente, el texto la Regla 23(a) federal es idéntico al de nuestra Regla 20.1.

 En 1966 se enmendó la Regla 23 de Procedimiento Civil Federal con el pro-pósito de eliminar los tres distintos tipos de acción de clase conocidas como (a) ver-dadera, (b) híbrida, y (c) espuria. La acción de clase espuria era, en realidad, un mecanismo de acumulación permisible que permitía que aquellos que se encontraran en una situación similar se unieran al pleito, si así lo deseaban, pero de no hacerlo, la sentencia dictada en su día no se le aplicaría.

 La Regla 15.1 de Procedimiento Civil provee para que la parte interesada sustituya o ratifique el pleito cuando no es ésta la que lo insta, mientras que la Regla 15.4 se refiere a los demandados de nombre desconocido. 32 L.P.R.A. Ap. III.

 Nuestra Regla 13.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, es equiva-lente a la Regla 15(c) federal, antes de su enmienda efectiva el 1 de diciembre de 1991.

 Esta relación se ha encontrado entre una madre y un hijo —Williams v. U.S.A., 506 F.2d 1399 (4to Cir. 1974)—entre el accionista mayoritario y la corporación —Staren v. American Nat. Bank & Tr. Co. of Chicago, 529 F.2d 1257 (7mo Cir. 1976)— entre otros.

 Cabe señalar que aun cuando el Tribunal de Apelaciones señala que las reclamaciones en González v. Merck, 166 D.P.R. 659 (2006), fueron presentadas se-gún la Ley 379, del texto de la opinión que allí emitiéramos no surge expresamente *544 si la reclamación también fue presentada como una acción representativa bajo el Art. 13 de la Ley 379, ante. Únicamente se hace referencia directa a la Ley 180. A pesar de que en la demanda, presentada por un grupo de empleados de Merck, Sharp & Dohme, éstos reclamaron el pago de horas y días de trabajo no compensados así como los remedios monetarios que concede el Art. 13 —causas de acción ciertamente ha-bilitadas por la Ley 379— no aludieron a lá acción representativa del citado artículo. Como consecuencia, ello también le diferencia de los hechos que motivan el presente recurso.

 Véase 131 Main Street Associates v. Manko, 897 F. Supp. 1507, 1521 (S.D. N.Y. 1995).

 El efecto interruptor que le reconocimos a la Regla 20 de Procedimiento Civil, 32 L.P.R.A. Ap. III, se debió a que dicho mecanismo le advierte a la parte demandada sobre las posibles reclamaciones en su contra, salvaguardando los prin-cipios que rigen la figura de la prescripción extintiva. Véase Rodríguez v. Syntex, 160 D.P.R. 364 (2003), opinión concurrente y disidente del Juez Presidente Señor Her-nández Denton.

 El Art. 12 de la Ley 180, ante, instauró un término prescriptivo de dos años para la reclamación de salarios. El Í5 de mayo de 2000 se presentó la segunda demanda enmendada. Esta segunda demanda fue presentada en tiempo porque desde el 23 de julio de 1998, fecha cuando se denegó la certificación de clase, no habían transcurrido los dos años mencionados.

 Las cortes federales han asumido posturas distintas acerca de si procede notificar a los miembros potenciales de una clase sobre su derecho a unirse a una reclamación bajo la Sec. 216(b) de la FLSA. Melendez Cintron v. Hershey Puerto Rico, Inc., 363 F. Supp.2d 10 (D. P.R. 2005); Kinney Shoe Corp. v. Vorhes, 564 F.2d 859 (9no Cir. 1977); Braunstein v. Eastern Photographic Laboratories, 600 F.2d 335 (2do Cir. 1978). Sin embargo, ello surge del requisito de consentir por escrito impuesto me-diante el Portal to PortalAct.